Hanford v. Shapter.

---

EDWARD H. HANFORD AND ANOTHER *v.* SAMUEL SHAPTER.

Where a broker under due employment by the owner, procures the sale of property, he is entitled to his commission on the sale, although the owner may close with the purchaser in ignorance of the fact that the latter has seen the broker, provided he is not misled by any act of the broker.

Where the purchaser, after being sent to view the property by the broker, did not return to him, but, acting on subsequently acquired information, went directly to the owner and completed a contract of purchase with him, *Held*, that this did not relieve the owner from his obligation to pay the broker his commission.

APPEAL by defendant from a judgment of the general term of the Marine Court, affirming a judgment of that court entered on a decision of a judge at trial term.

The facts are stated in the opinion.

*Lewis Johnston*, for appellant.

*J. H. & B. F. Watson*, for respondent.

BY THE COURT.*—JOSEPH F. DALY, J.—The original employment of plaintiffs as real estate brokers by defendant, the owner of the premises, is conceded. It is also conceded that the defendant sold the property to Eno for the price at which he had put it in the plaintiffs' hands. The questions remaining are : 1. Did the employment of plaintiffs by defendant continue up to the time of the sale. 2. Were the efforts of the plaintiffs the procuring cause of the sale (*Chilton* v. *Butler*, 1 E. D. Smith, 150 ; *Briggs* v. *Rowe*, 1 Abb. Ct. App. Dec. 189, s. c. 4 Keyes, 424).

On the first point the judgment below is conclusive, because the justice so found upon conflicting evidence. Both the plaintiffs swore positively that they were not told to desist from their efforts to sell the property, and knew nothing of their signs being taken down from the premises, nor of the pictures being demanded from them. This was sufficient to sustain a finding that their original employment continued for the period in question—from April to September, 1870. There could be no judgment for the plaintiffs unless the justice so found, for there was no ratification, in case the original employment ceased, the defendant not being aware that Eno, the purchaser, came to him through the efforts of plaintiffs.

On the second point it seems the evidence is ample to sustain the judgment on the ground that plaintiffs were the procuring cause of the sale to Eno.

Eno was looking for a house at Newtown, and his employer, Praul, was assisting him to find one.

Both of them knew that the defendant's house was for sale. Praul and one Scheller had endeavored to persuade Eno to buy it, although Praul did not think it good property for him. At this time the plaintiffs happened to speak of and show the property to one Shattuck, as property in their hands to sell; Shattuck already knew it was in the market, and said to plaintiffs that he knew parties who would buy it; plaintiffs told him to go and look at it. Shattuck went and saw Praul, and told him this property was good property for Eno. Praul asked who were the agents; Shattuck told him to go and see plaintiffs, and put plaintiffs' address on one of his own cards, and gave it to Praul. Praul went to plaintiffs, who told him the price, $4,500, and said there was a family in the house who would. allow him to enter by giving plaintiffs' name. Praul, with a card, with plaintiffs' address on it, went up to the property with Eno and looked at it, but could not get in except by the back door, the house being unoccupied; while there, one Walker, a former tenant, who formerly had authority to sell the property, came up and told them that Shapter was the owner of the house and that the price was $4,000. Eno then asked Praul next day to go and see Shapter. Praul did so, and Shapter asked $4,500. Eno bought it from Shapter at that price within six or seven days after, telling Shapter that there was no broker in the matter. It is very clear that although Shattuck knew that the property was for sale, and that some parties would buy it, he never made any effort to bring about a sale until plaintiffs spoke to him about it, when he went to Praul and gave him plaintiffs' address. Although Praul and Eno had been looking at the property they made no movement to negotiate for it until they went to look at it with plaintiffs' card, obtained from plaintiffs by Praul. Although Walker had some authority to sell, he only gave voluntary information to parties already sent to the premises by plaintiffs. He must be regarded as a volunteer (*Briggs* v. *Rowe, supra*). Praul must be deemed to have been the agent of Eno, as his acts were accepted by him, and the information given by plaintiffs to Praul were given to Eno and acted on by him (*Id.* 198).

Although the purchaser, after being sent to view the prop-

erty by the plaintiffs, did not return to them, but acting on sub-sequently acquired information went directly to the owner and closed the bargain, this will not relieve the latter of his obligation to pay the plaintiffs (*Chilton* v. *Butler*, 1 E. D. Smith, 150 ; *Ludlow* v. *Carman*, 2 Hilt. 106).

If the plaintiffs, as brokers under due employment by the owner, are the procuring cause of the sale, they are entitled to commissions although the owner may close with the purchaser in ignorance of the fact that the latter had seen the brokers, if he is not misled by any act of the broker.

The judgment should be affirmed, with costs.

Judgment affirmed.