## E. D. Griswold v. S. H. Pierce.

1. REAL ESTATE AGENT—*When Entitled to Commissions.*—Where a real estate agent furnishes a purchaser, ready, willing and able to buy, he is entitled to his compensation, and the fact that he did not bring the

parties to terms within the time limit fixed by the letter of his contract does not, in this case, defeat his right to recover.

Assumpsit, for commissions. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

MATHER & SNIGG, attorneys for appellant.

H. C. WARD and E. L. CHAPIN, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This was a suit brought by appellee to recover for services rendered appellant in the sale of a farm of 480 acres situated in Whiteside county, Illinois.    There was a trial by the court without a jury, and a judgment rendered in favor of appellee for $240.    A reversal is sought solely upon the ground that the judgment is not supported by the evidence.

Appellee is a real estate broker, living at Tampico, Whiteside county, Illinois. Appellant, a resident of Springfield, Illinois, owned a farm in Whiteside county which he gave appellee the agency to sell.    There is a dispute between them as to the terms of the agreement.    Appellant claims that appellee was to have, as his compensation for negotiating a sale, all that would be realized over $20,000, and that the option to sell was limited to a certain date.    Appellee contends that he was to have fifty cents per acre if the land sold for less than $20,000, and one dollar per acre if it sold for more than that amount.

On March 7, 1898, appellant wrote appellee to the effect that he could have one more week in which to make the sale, but no more.    On the 10th of the month appellee took John F. Mundy, a real estate broker, and Joseph Hodnett, a proposed purchaser, to see the land, and put on foot negotiations which resulted in a purchase by Hodnett from appellant on the 23d of March, 1898.    Appellee was not present when the deal was closed, and Mundy seems to have done much toward bringing the parties to terms.    Appellee

must be regarded as furnishing a purchaser ready, willing, and able to buy. He was, therefore, entitled to compensation, and the fact that he did not bring the parties to terms within the time limit fixed by the letter of March 7th, does not defeat his right to recover. Carter v. Webster, 79 Ill. 435; Wilson v. Mason, 158 Ill. 304; Hafner v. Herron, 165 Ill. 246; Schuster v. Martin, 45 Ill. App. 482; McClave v. Paine, 49 N. Y. 561; Sussdorf v. Schmidt, 55 N. Y. 320.

Complaint is made that the court made a contract for the parties and rendered a judgment upon the theory that there was an implied promise to pay. We do not so understand from the record. The consideration named for the conveyance of the land was $28,800. If the court adopted appellee's contention, and that was the amount actually paid by Hodnett, the judgment should have been $480, one dollar per acre. The court manifestly reached the conclusion from the evidence that the land did not sell for that, but for an amount less than $20,000, for the compensation was fixed at fifty cents per acre. Appellant shows no sufficient reason for reversing the judgment. Judgment affirmed.