LUTH JAEGER and Another v. SAMUEL GLOVER.[1]

June 5, 1903.

Nos. 13,537—(109).

## Real Estate Broker—Commission.

Under a contract between a firm of real estate brokers and the owner of real property for its sale upon stipulated commissions, the evidence reasonably tended to show that the brokers were the procuring cause of a transfer, not completed until after the expiration of the time named in the agency contract. *Held,* that the commissions were earned, and the verdict for the plaintiffs is sustained by the evidence.

Appeal by defendant from an order of the district court for Hennepin county, Harrison, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiffs for $337.50. Affirmed.

*C. C. Joslyn,* for appellant.

*John Lind* and *A. Ueland,* for respondents.

LOVELY, J.

Plaintiffs, a firm of real-estate brokers in Minneapolis, seek to recover commissions from defendant for securing a purchaser of valuable property listed with them for sale. The action was tried to a jury. There was a verdict for plaintiffs for the amount claimed. This appeal is from an order denying a new trial.

Plaintiffs' services were rendered under a written contract, wherein it was agreed that they were to find a purchaser for the property, and were to have the exclusive agency until January 13, 1902 (six months from date), and were to sell the property for $8,000, one-half cash, with the balance in three annual payments, with interest at six per cent., or $7,200 if the sale were made for cash, at a commission of five per cent. of the purchase price.

The evidence tended to show that the real estate brokers immediately after the contract was made listed the property, advertised it for sale, and, as result of these efforts, interested one Schomberg (a citizen of North Dakota) as a prospective purchaser.

[1] Reported in 95 N. W. 311.

He wrote to plaintiffs' firm, offering $6,000, which was reported to defendant, who had desired to be informed of all offers made upon the property, without reference to the list price. Shortly afterwards Schomberg came to Minneapolis, and visited the brokers, who at once took him to defendant, and made arrangements for an examination of the property, which was located at Lake Minnetonka. The defendant and Schomberg visited the same, and, from this time on, negotiations were carried on between them; the plaintiffs taking no further part than to receive reports and participate in negotiations at their office. There was considerable dickering between the owner and prospective buyer. Demands were made by the latter for reductions of price, the owner meanwhile manifesting a disposition to come to terms. At one time there was an agreement to accept $6,750 as the purchase price if Schomberg could pay a specified amount in cash, but there was a difference in this respect of $500 between the parties. The negotiations for the sale, however, were continued between the parties, but not completed until about a month after the expiration of the contract, when the sale was made to Schomberg for the net sum of $6,750, which we think the evidence fairly tended to show was largely effected by the introduction of Schomberg to defendant, and the efforts of the plaintiffs thereafter. It is claimed, however, that before the contract expired, and after that sum had been conditionally accepted, the defendant notified plaintiffs that he withdrew his offer, and would not sell the property for less than the price for which the firm had been authorized to offer it under the terms of the commission contract; but whether all negotiations between the defendant and Schomberg were then terminated, and the defendant, after the expiration of the contract, entered into new arrangements with the prospective purchaser, was, under the evidence, a question of fact for the jury, upon proper submission of the law by the trial court.

The jury were instructed that the plaintiffs must have been the procuring cause of the sale, which must have been the result of means and efforts employed by them, which undoubtedly states the law applicable to the issue presented at the trial. Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345; Putnam v. How, 39 Minn. 363,

40 N. W. 258. It was held in a more recent case that the terms upon which the sale is made are not necessarily those named to the agent in the contract, the essential thing being that the agent must be the procuring cause of the sale. Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426.

The court further left it to the jury to determine whether the relationship between the brokers and the purchaser was actually terminated, and the sale which occurred after the expiration of the contract was made wholly between the parties, without reference to the efforts of the plaintiffs as a procuring cause; and it was, upon the whole evidence, a question of fact whether the sale was brought about independently of the inducements and assistance of the plaintiffs, for in this respect this case is clearly distinguishable from Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15.

Upon a careful examination of the record, we have reached the conclusion that the evidence tends to show that the commissions were earned, and that the cause was fairly submitted to the jury.

Order denying new trial is affirmed.