## F. J. STEIDL v. LOUIS K. McCLYMONDS.[1]

### July 10, 1903.

### Nos. 13,487—(149).

**Real Estate Broker.**

In an action by a party rendering services in securing a purchaser for a farm, *held*, that the evidence reasonably tended to show that plaintiff was justified by letters received from the owner in adopting and acting upon the inference that he had authority to negotiate for the sale of the property; also, that his efforts were the procuring cause of its transfer, for which he was entitled to receive compensation.

Appeals by plaintiff from an order of the district court for Traverse county, Flaherty, J., granting a motion for judgment in favor of defendant notwithstanding the verdict for $385.70, and from a judgment entered pursuant to the order. Reversed, and remanded.

*Charles E. Houston,* for appellant.

*F. W. Murphy* and *W. H. Townsend,* for respondent.

LOVELY, J.

This is an action to recover for services in securing a purchaser for defendant's farm in Traverse county. It was tried to the court and a jury. Plaintiff had a verdict. The court ordered judgment for defendant notwithstanding the verdict, which was entered. Plaintiff appeals from the order; also from the judgment.

It is suggested in respondent's brief that the order for judgment is not appealable. While it is not material on this review to consider this question, since the whole record comes here upon the appeal from the judgment, it may be said in passing that we have in a recent case seriously considered the somewhat doubtful question of procedure thus discussed by respondent, and have adopted the conclusion that an order upon the blended motion provided for in Laws 1895, p. 729 (c. 320) is subject to review on appeal directly therefrom. Peterson v. Minneapolis St. Ry. Co. supra, page 52.

The complaint, in brief, alleges that plaintiff rendered services for

1 Reported in 95 N. W. 906.

defendant at his request in the sale of the latter's farm of twenty-two hundred forty acres with the improvements, stock, and machinery thereon; that the services were of the reasonable value of $1,000, which defendant agreed to pay. The answer is a general denial.

Plaintiff was the senior member of the firm of Steidl & Rustad, of Wheaton, agents for the sale of real estate; and, while the services in this case were to some extent by the firm, upon the issues and evidence before us plaintiff's claim has been treated as his individual right, and must be so considered here. Numerous letters passed between the defendant and the firm when the sale of the farm was completed through the direct efforts of defendant's manager (Sylvester Johnson) having charge of the property. A contract for its sale for $53,000 was executed between the owner and one Charles Cater on February 28, 1902. The evidence, however, would justify the conclusion that the real purchaser was one Henry Wagner, who received the benefit of the contract between Cater and defendant, taking a deed to himself of the land dated March 4, 1902, but really executed and delivered in April following. We have no doubt that the evidence also authorizes the view that Johnson acted as agent for defendant in concluding this sale, and knew that Cater's intervention in the negotiations was for the benefit of Wagner.

It is claimed for plaintiff that, after writing defendant requesting the privilege of having the farm listed with his firm, the effect of subsequent letters in reply justified the belief that he was employed to secure a purchaser, in consequence of which he rendered valuable assistance in bringing about the sale, the benefits of which were accepted by defendant. The cause was submitted to the jury upon this theory, and the verdict must have been reached upon that view.

The learned trial court, in ordering judgment against the verdict after a careful examination of the correspondence between the parties, adopted the conclusion that while, to some extent, plaintiff was encouraged to forward offers to defendant, he was not actually engaged by the latter for that purpose, and, if this is the necessary and conclusive result of the evidence, the order and judgment should be sustained; but, if it appears that plaintiff was encouraged by defendant to aid in the sale, and led by him to believe that he would receive compensation for

his services, the order and judgment should both be reversed, for defendant could not accept the benefit of plaintiff's assistance, and deny him compensation in that case.

The relations between the parties were opened in October, 1901, by a letter from plaintiff to defendant, who resided in the East, wherein the latter was requested to fix a selling price for his farm, and to allow plaintiff's firm to list it for sale. Defendant replied, described the farm, and referred plaintiff to his manager, Johnson, for information. Further correspondence followed. In plaintiff's letters he continued to indicate his desire to act for defendant. Defendant did not discourage these overtures, but asked for information regarding the value of the land, and possibilities of making a desirable sale, indicating that he would accept a satisfactory offer, and desired to know if plaintiff could purchase the same. Plaintiff wrote in reply that he might get his brother to join him in the purchase, but afterwards informed defendant that he would be unable to do so, and still requested authority to negotiate for its sale to third parties, and also gave defendant the requested information regarding the value of the land, machinery, and stock thereon, and with the prospects of a sale. On December 10, 1901, defendant wrote that he thought, if he received an offer of $49,000, he would accept it, naming terms of payment, the rate of interest, and other suggestions as to the title, such as would be furnished an agent for the purpose of negotiations. Upon the receipt of this letter plaintiff conveyed the information contained therein to Wagner, the ultimate purchaser, and obtained from him an offer of $50,000. He telegraphed this offer to defendant. In reply defendant wired plaintiff on the following day, "Your proposition favorably considered." In addition to the telegram thus sent plaintiff, defendant wrote that he was trying to get into communication with his manager, Johnson, for necessary information to make a contract, and, further:

> "If your party could make payment of $25,000 down, the transaction could be closed at once, as I could then make delivery of the deeds, and accept his notes for the deferred payments, secured by mortgage, thus closing the whole transaction at once. Can't you work your party up to doing this?" [Some further references in this letter are made to the title, defendant closing

in these words:] "I understand that $1,000 is to be paid to you as a commission upon my receiving the first cash payment, whether it be $6,000 or $25,000."

Plaintiff afterwards got Wagner to offer the desired sum in cash, and wired the result to defendant. In the meantime defendant's manager, Johnson, went to New York, and, after consultation with his employer, returned to Minnesota, reaching St. Paul about February 7. Wagner, fearing that he would lose the sale, sent Cater to St. Paul to meet Johnson, and soon after the contract of February 28, above referred to, was executed, wherein the deal was closed for the sale of the farm at $53,000.

We have arrived at the conclusion, from a consensus of the entire correspondence upon the subject of plaintiff's employment, that it justifies the inference that he was encouraged to act in the sale of the land for defendant under the justifiable expectation that, if defendant was benefited by his efforts to secure a purchaser, he should be paid for his services. It is also a fair result of the evidence that the effort of plaintiff after defendant's letter of January 6 was a procuring cause of the sale to Wagner, and the fact that Cater intervened does not change the situation, or justify the defendant in saying that he dealt with another person than the intended purchaser furnished by plaintiff; for, while the contract was made directly with Cater, it was for the benefit of Wagner, which the jury were authorized to find was with the knowledge of defendant's agent, Johnson, which must be attributed to defendant himself. The fact that Wagner paid a larger sum for the land than he had offered through plaintiff, or that the sale was made by the further assistance of other parties, cannot deprive the plaintiff of compensation for his beneficial services, if these were the procuring cause thereof. Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426; Jaeger v. Glover, 89 Minn. 490, 95 N. W. 311.

Having reached the conclusion that there was evidence reasonably tending to support the verdict, it follows that the order for judgment was erroneous, and that the order and the judgment entered thereon must be reversed, and the cause remanded.

Order and judgment reversed.