## SOUTHWICK v. SWAVIENSKI.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. BROKERS—COMMISSIONS—WHEN EARNED.

A broker employed to procure a purchaser for premises at a specified price, a part cash and balance secured by mortgage, procured a third person to enter into a contract with the husband of the owner for an exchange of the premises for other property. The owner conveyed the premises to the purchaser pursuant to the arrangement. *Held*, that the broker was entitled to his commissions, though the transfer was made on other terms than those originally proposed, and though the conveyance was executed after the expiration of the time fixed to procure a purchaser.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 65, 66.]

2. SAME.

To entitle a broker to compensation it is sufficient that a sale is effected through his agency as its procuring cause, and if his communications with the purchaser are the means of bringing him and the owner together, and a sale results, the compensation is earned.

[Ed. Note.—For cases in point, see vol. 8, Cent. Dig. Brokers, §§ 69–74.]

Appeal from Chatauqua County Court.

Action by Eugene F. Southwick against Mary Swavienski. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Robert J. Cooper, for appellant.
Leslie A. Pease, for respondent.

NASH, J. The facts are undisputed. The plaintiff entered into an agreement in writing with the defendant on the 20th day of July, 1903, by the terms of which the defendant agreed to place in the hands of the plaintiff premises situate in the city of Dunkirk for sale at the price of $2,800, upon the following terms: $800 cash, and a mortgage back for the balance; the defendant to pay the plaintiff, "upon a sale being negotiated, 2½ per cent. as his commissions in full for all his services and expenses connected therewith"; the contract to continue in force one year, the plaintiff "to be entitled to his commissions, as above mentioned, upon said property if said property is sold during said year by second party (defendant) or any other person." The plaintiff was engaged in showing the property to people, advertising it in two newspapers for about 10 months. In the month of May before the expiration of the year, the plaintiff called the attention of Reuben W. Wright to the property, and on the 25th of the same month Wright agreed to purchase the property by exchanging for it other property, consideration $2,800; all of the arrangements for the exchange being made with Wright by the husband of the defendant, the defendant claiming that she had no knowledge of the agreement made by her husband with Wright. On August 10, 1904, the defendant conveyed the premises to Wright by her deed, reciting a consideration of one dollar, executed, acknowledged, and delivered on that day. On a day prior to the day of the conveyance, Wright says he went to Mrs. Swavienski's home, and "left word with Mary to come and see me, and we met and made the exchange." The defendant's contention is that the plaintiff "failed to produce a purchaser ready and willing to purchase according to the terms of the contract, and that the property was sold on terms entirely different from those stated in the contract, after its expiration." The plaintiff procured a purchaser who made an agreement for the purchase of the premises within the year, resulting in a sale and conveyance, although after the expiration of the year, and although upon terms other than those originally proposed, the plaintiff is entitled to his commissions. A deviation of the terms agreed on with a broker does not defeat his right to commissions. Levy v. Coogan (Com. Pl.) 9 N. Y. Supp. 534; Gold v. Serrell, 6 Misc. Rep. 124, 26 N. Y. Supp. 5. To entitle a broker to compensation it is sufficient that a sale be effected through his agency as its procuring cause; and if his communications with the purchaser are the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned. It is not necessary that the purchaser be made known to the owner as the broker's customer, if he is so in fact. Lloyd v. Matthews, 51 N. Y. 124; Hanford v. Shapter, 4 Daly, 243. Where

the broker is the procuring cause of the sale, it is immaterial when the conveyance is made. Mooney v. Elder, 56 N. Y. 238, 241. Where the communications of a real estate broker with a purchaser are the means of bringing him and the owner together, and a sale results in consequence, the broker is entitled to commissions, nor can he be deprived of them by the action of the owner in subsequently taking the matter into his own hands. Hobbs v. Edgar, 23 Misc. Rep. 618, 51 N. Y. Supp. 1120.

The judgment of the County Court and of the Justice's Court should be reversed.

Judgment of the County Court and of the Justice's Court reversed, with costs in all courts. All concur.