# WILLIAM DIFFERT v. ANTON ADAMS.[1]

November 25, 1910.

Nos. 16,880—(81).

**Broker's commission — evidence.**

The finding of a jury that a real estate agent, having procured a purchaser with whom defendant entered into a contract for the sale of land, was entitled to a commission under plaintiff's version of the contract, is *held* sustained by the evidence.

From a judgment in favor of plaintiff rendered in the municipal court of Shakopee, defendant appealed to the district court for Scott county. The case was tried before Morrison, J., and a jury which returned a verdict in favor of plaintiff for $100. The facts are stated in the opinion. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*F. J. Leonard,* for appellant.

*H. J. Peck,* for respondent.

JAGGARD, J.

Plaintiff brought this action to recover the agreed commission of $100, pursuant to an alleged agreement with defendant by the terms of which, if plaintiff would find a purchaser for the described land, defendant would pay him the sum of $100. Plaintiff further alleged that on the same day plaintiff furnished a man to buy the land, to whom defendant, a short time afterwards, sold the land for a valuable consideration. The answer set forth a somewhat different agreement, and the failure to perform that agreement by plaintiff. The case was tried in the municipal court, and judgment rendered for

[1]Reported in 128 N. W. 467.

[Note] As to right of broker to commission where owner sells to broker's customer at reduced price, see note in 15 L.R.A.(N.S.) 272.

the plaintiff. Defendant appealed to the district court, in which a jury returned a similar verdict. This appeal is from a judgment entered accordingly.

The initial controversy concerns what contract was actually entered into by the parties. This presented a pure question of fact. The court properly charged that it was wholly immaterial under the circumstances at what time and at what place the agreement was made. The jury found that agreement to have been made in accordance with plaintiff's contention. The evidence of plaintiff and his wife is all-sufficient to sustain that verdict. For present purposes it is not significant that defendant, his wife, and the one disinterested witness testified for defendant's version. This question must be resolved for plaintiff.

2. The same disposition must also be made of the controversy concerning the performance of the contract by plaintiff. The trial court properly submitted to the jury the question whether plaintiff actually was the procuring cause of the sale. See Steidl v. McClymonds, 90 Minn. 205, 95 N. W. 906. The owner could not escape liability for the commission by selling to the purchaser procured by the plaintiff at a less figure than the consideration named in the contract, "$5,500." Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426. Plaintiff, real estate broker, earned his commission, since he was the means of procuring a purchaser ready and willing to buy on terms similar to the owner's.

Counsel for defendant asks whether this suit was not prematurely brought, in view of the fact that at the time of its institution nothing more had been done than to make a contract for a deed. It is obvious that plaintiff had complied with the terms of his version of the contract when that purchaser was accepted.

Plaintiff has also assigned as errors certain rulings by the trial court and its refusal to give certain requested charges. There is no substantial merit to these assignments. Their discussion in detail would serve no useful purpose.

Affirmed.