Argued February 17, reversed and remanded April 27, rehearing denied May 31, 1922.

## EVERSON v. PHELPS.

### (206 Pac. 306.)

**Brokers—Real Estate Agent Held Entitled to Commission on Producing Purchaser to Whom Owner Sold After Agent's Employment Contract Expired.**

1. Where defendant contracted to pay plaintiff a commission for finding a purchaser for property at a certain price or any other price or terms afterward authorized or accepted by defendant, and plaintiff found and produced a purchaser on the day his contract of employment expired, and the purchaser soon after bought the property from defendant direct on substantially the terms negotiated by plaintiff, the latter was entitled to his commission, though the purchaser's contract with him was not enforceable, and the terms of sale slightly differed from his contract with plaintiff.

**Brokers — Entitled to Commission on Finding Purchaser Within Time Limit, Though Trade Completed Afterwards.**

2. Where a broker secures a purchaser ready and willing to purchase real estate within the time limit set by his contract, he is entitled to his commission, though the trade is completed after such limit.

**Brokers—Acceptance of Services of Brokers Estops Seller to Deny That Broker Secured a Purchaser Willing and Able to Buy.**

3. Where defendant sold his land to a purchaser secured by a broker, he was estopped to deny that the purchaser was willing and able to buy.

From Tillamook: GEORGE R. BAGLEY, Judge.

---

1. When broker is entitled to commission, see notes in 28 **Am. St. Rep.** 546; 139 **Am. St. Rep.** 225.

Department 2.

Reversed and Remanded.    Rehearing Denied.

For appellant there was a brief over the name of *Mr. S. ·S. Johnson,* with an oral argument by *Mr. Mark W. Hearn.*

For respondent there was a brief over the names of *Mr. H. T. Botts* and *Mr. George P. Winslow,* with an oral argument by *Mr. Winslow.*

McCOURT, J.—Plaintiff commenced this action to recover a commission alleged to have been earned by him under a contract of employment to sell, or find a purchaser for, certain real and personal property, within a specified time.

This appeal is from a judgment of nonsuit granted by the Circuit Court upon motion of defendant, made at the conclusion of plaintiff's evidence, and brings here for review the determination of the trial court that the services essential to entitle plaintiff to a commission under his contract of employment were not performed within the time specified in the contract.

1. On June 2, 1920, plaintiff and defendant entered into a written contract as folows:

"Agreement.

"Tillamook, Oregon, 6/2, 1920.

"I hereby appoint A. C. Everson my agent 30 days to sell or contract in my name to sell the real estate owned by me viz: 88 acres in Sec. 33, T. 1 S. R. 9 West, including 37 cows, 2–1 year H. heifer, 2 Bulls, 4 pigs, C. W. Team, H. Wagon. All implements— Chickens. One dozen. Price $45000—Terms $2000. Balance 60 per cent, and if a sale is made or a purchaser found or I send a buyer who takes property

104 Or.—19

at said price and terms or any other price and terms that I may hereafter authorize or accept, I agree to pay such agent a cash commission of $1000, and if through said agent a trade or exchange for other property is consummated, said trade or exchange to be authorized or accepted by me, I agree to pay said agent the above commission in cash on the price which above property, or any part thereof, is traded or exchanged.

"I agree to convey to purchaser title in fee simple, by warranty deed and furnish abstract of title. Subject to original contract.

"Agency to be revoked only by giving —— days notice in writing. Invoice of place found on back. I accept agency on above terms.

   "A. C. EVERSON,         N. W. PHELPS.
      "Agent.               Owner."

On July 2, 1920, the date upon which plaintiff's employment under the writing expired, plaintiff found in the person of one Karl Reding a purchaser for defendant's property, at the price and upon the terms authorized by defendant, and Reding paid to plaintiff as earnest-money, the sum of $500, agreeing to pay the balance of the cash payment of $2,000, which defendant required, as soon as the papers evidencing the sale should be executed.

While showing Reding the property, plaintiff introduced him to the defendant as a prospective purchaser, but all the negotiations for the sale were carried on by plaintiff, with the result that Reding orally agreed to purchase the property, and paid $500 earnest-money, as stated; memoranda were exchanged between plaintiff and Reding, reciting the terms of the sale, and although they were insufficient to constitute a binding contract, nothing remained to be done to complete the sale authorized by defendant, but the exchange between defendant and Reding of writings evidencing the transaction

and payment by Reding of $1,500, the balance of the first payment upon the purchase price.

Plaintiff immediately notified defendant that he had found a purchaser for the property upon the terms set forth in the above contract of employment and informed defendant that Karl Reding was such purchaser and had paid $500 as earnest-money upon the sale; defendant expressed himself as pleased and satisfied with the result; upon the next day or perhaps the second day thereafter, defendant and his wife, together with Karl Reding, the purchaser, came to the office of the plaintiff to conclude the transaction. Defendant did not own the property included in the sale, but held a contract to purchase the same from one Fred Maurer, upon which defendant owed about the sum of $36,000, for the payment of which he had agreed that there should be applied 60 per cent of the proceeds of the milk produced upon the place. Under the terms of the sale defendant had authorized plaintiff to make, the purchaser was required to make a like application of the proceeds of the milk sales, but upon the balance of $43,000, remaining after the initial payment of $2,000. The sale, however, was to be made subject to the Maurer contract, and if the entire 60 per cent of the milk sales was applied on the sum due Maurer, the interest accruing upon the $7,000 that would be payable to defendant, must come from some other source, or its payment be deferred until the Maurer claim was fully paid. Reding objected to the suggestion that he devote a portion of the remaining 40 per cent of the milk sales to the payment of interest on defendant's portion of the purchase price, and defendant objected to foregoing interest payments until Maurer was paid.

Upon the occasion of their meeting in plaintiff's office, as aforesaid, defendant and the purchaser failed to agree upon the terms of the contract between them as to the interest payments mentioned; they left plaintiff's office together, and thereafter agreed upon the manner in which the interest should be apportioned and paid; two holidays intervened, and on the sixth day of July, 1920, defendant and Reding entered into and executed a contract, which in substance and effect was the same as the contract of sale negotiated by plaintiff; Reding immediately took possession of the property purchased by him. Neither Reding nor defendant demanded from plaintiff the deposit of $500 made by Reding, but defendant refused to pay more, claiming that plaintiff was not entitled to a commission, and defendant asserted that he had concluded a contract with Reding different from the contract he had authorized plaintiff to negotiate.

Under the contract of employment defendant agreed as follows:

"If a sale is made or a purchaser found * * who takes property at said price and terms or any other price or terms that I may hereafter authorize or accept, I agree to pay said agent a cash commission of $1000."

Plaintiff was authorized by his contract of employment to contract in the name of the defendant to sell the property in question, but he was not required to do so in order to earn the commission provided by the contract. He was entitled to the compensation provided by the contract, if within the time specified therein, he found and made known to defendant a purchaser who was ready, able and willing to purchase the property at the price and

terms fixed by the defendant in plaintiff's contract of employment: *Kyle* v. *Rippey,* 20 Or. 446, 453 (26 Pac. 308); *York* v. *Nash,* 42 Or. 321, 330 (71 Pac. 59); *Good* v. *Smith,* 44 Or. 578, 585 (76 Pac. 354); *Henry* v. *Harker,* 61 Or. 276, 286, 291 (118 Pac. 205, 122 Pac. 298); *Oregon H. Builders* v. *Montgomery Inv. Co.,* 94 Or. 349, 362 (184 Pac. 487).

Plaintiff not only produced a purchaser ready, able and willing to purchase the property upon the terms fixed by the defendant, but the defendant accepted such purchaser and actually concluded a sale to him at the price and upon substantially the terms negotiated by plaintiff.

Upon the completion of the services which plaintiff rendered in bringing about the sale, the transaction was complete, with the exception of acts that could be performed only by the defendant and the purchaser, viz.: execution and delivery of the necessary writings, payment of the balance of the cash payment upon the purchase price and delivery of the property to the purchaser. Plaintiff had fully performed the services, the rendition of which was essential to his right to the commission provided by the contract. He might have procured from the customer a binding contract to purchase, but his failure to do so did not defeat his right to a commission, in view of the fact that the purchaser was at all times ready, able and willing to take the property, and that the defendant accepted the benefit of plaintiff's services and actually sold the property to plaintiff's purchaser upon substantially the terms negotiated by plaintiff: *Henry* v. *Harker,* 61 Or. 276, 286 (118 Pac. 205, 122 Pac. 298); 9 C. J. 608; 2 Mechem on Agency (2 ed.), § 2430. Neither did the slight variation in the contract actually made and

the one negotiated by plaintiff affect the right of the latter to a commission: *Good* v. *Smith,* 44 Or. 578, 585 (76 Pac. 354); 9 C. J. 600.

2. Defendant, in support of the judgment, contends that plaintiff is not entitled to a commission, because the sale was completed after the expiration of the time specified in the contract of employment, citing: *Watson* v. *Brooks,* 11 Or. 271 (3 Pac. 679); *Hardy* v. *Sheedy,* 58 Or. 195 (113 Pac. 1133); *Slotboom* v. *Simpson Lbr. Co.,* 67 Or. 516 (135 Pac. 889, 136 Pac. 641, Ann. Cas. 1915C, 339), wherein it was held that where an agency to sell property is limited to a definite period, time is of the essence of the contract, and that unless performance within the time limited is waived or prevented by the principal, the broker in order to be entitled to a commission, must produce a purchaser not only able, but willing, to consummate the purchase within the stipulated time.

The cases relied upon by defendant are readily distinguished from this case. In each of those cases the negotiations had not progressed to the point where the prospective purchaser had agreed to take the property when the time limit expired and the agency terminated, while in this case the plaintiff had, within the time limited, found a purchaser ready, able and willing to buy the property upon the terms fixed by the defendant. Numerous authorities hold that a broker is entitled to his commission if the purchaser is found within the time limited, although the actual sale was not fully consummated until afterwards: 2 Mechem on Agency (2 ed.), § 2439; 9 C. J. 608; *Jaeger* v. *Glover,* 89 Minn. 490 (95 N. W. 311); *Goffe* v. *Gibson,* 18 Mo. App. 1; *O'Connor* v. *Semple,* 57 Wis. 243 (15 N. W. 136); *Southwick* v. *Swavienski,* 114 App. Div. 681 (99 N. Y. Supp.

1079); *Cole* v. *Crump,* 174 Mo. App. 215 (156 S. W. 769); *Griswold* v. *Pierce,* 86 Ill. App. 406.

In this case there is no abandonment by the purchaser of his determination to purchase the property between the conclusion of negotiations between the plaintiff and the purchaser and the time that the contract of sale was concluded; the relations of the parties, effected upon the oral acceptance by the defendant of Reding as a purchaser, continued uninterruptedly after the expiration of plaintiff's agency to the completion of the sale; defendant accepted the services of plaintiff, and by completing the sale negotiated by plaintiff, after the expiration of the time limit, recognized and treated the agency as still existing.

The principal waives performance within the time limit when he accepts the services of the broker and recognizes and treats the contract as still in force: 9 C. J. 607; *Wilson* v. *Sturgis,* 71 Cal. 226 (16 Pac. 772); *Reynor* v. *Mackrill,* 181 Iowa, 210 (164 N. W. 335, 1 A. L. R. 523).

Defendant will not be permitted to accept that portion of his agent's work that is to his advantage and repudiate the residue: *Kyle* v. *Rippey,* 20 Or. 446 (26 Pac. 308).

3. Defendant made the further contention that no evidence was offered by plaintiff showing that Reding was ready, able and willing to make the purchase. By accepting the purchaser produced by plaintiff and effecting a sale to him, defendant was estopped thereafter to deny the ability or willingness of Reding to complete the contract: *Oregon H. Builders* v. *Montgomery Inv. Co.,* 94 Or. 349, 364 (184 Pac. 487), and cases cited therein.

The plaintiff made out a case for submission to the jury, and the Circuit Court committed error in granting a judgment of nonsuit. The recitals of fact that appear in this opinion are based upon plaintiff's evidence in the absence of any showing by defendant and are not intended as expressions of opinion upon the facts of the case as they may be developed when the evidence of the defendant is presented.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED. REHEARING DENIED.

BEAN, BROWN and HARRIS, JJ., concur.