ABBOT A. KARLIN, Plaintiff, *v.* MAX J. HELLER, Defendant.

City Court of New York, Bronx County, May 9, 1930.

*William Karlin,* for the plaintiff.

*Lurie & Feinberg,* for the defendant.

EVANS, J.   The plaintiff received the verdict of a jury for $1,900 commissions as a broker.   During the trial the court excluded conversations between the seller and the buyer's representative, not in the presence of the plaintiff, on the theory that such conversations were hearsay.   A new trial is asked on the ground that such rulings were erroneous.   It is said that such conversations, if admitted, would have shown that plaintiff was not the procuring cause of the sale.   There are circumstances in which statements and writings, ordinarily hearsay, are admitted in evidence in these cases.   But this sort of evidence must have a tendency to prove that he who claims to be the procuring cause of the sale was not.   Those situations arise where defendant contends that some other broker, or some person other than plaintiff, was in fact the procuring cause of the sale.   (*Hammond* v. *Yona Varah Realty Corp.,* 222 App. Div. 1; *Allwin Realty Co.* v. *Barth,* 161 id. 568; *Psaki* v. *Kissel Motor Car Co.,* 174 id. 36.)   At bar no other broker was involved.   The only parties to the transaction were plaintiff, defendant and the buyers.   True, the plaintiff had little to do with the progress of the negotiations.   He caused the parties to meet for the purpose of effecting a sale.   Thereafter the parties negotiated and consummated the transaction.   Under these circumstances, what the buyer and seller said to each other, during negotiations, in the absence of plaintiff, could have no bearing to show whether plaintiff was or was not the procuring cause of this sale.   It is true, as defendant contends, that a mere chance introduction, by a broker, of one person to another, who thereafter meet and consummate a sale, does not entitle the broker to commissions, because he was not the procuring cause of the sale.   (*McEvoy* v. *Athens Hotel Co.,* 121 Misc. 683.) But, at bar, the introduction by plaintiff, of the seller to the buyer,

was no mere chance affair. It was done with the purpose of effecting a sale, and with the understanding that plaintiff would be paid, if successful. The plaintiff caused the parties to meet. That they thereafter took the negotiations into their own hands and agreed on terms different from those originally submitted by the broker, does not deprive the broker of his commissions. (*Colvin* v. *Post Mortgage & Land Co.*, 225 N. Y. 510; *Sibbald* v. *Bethlehem Iron Co.*, 83 id. 378; *Southwick* v. *Swavienski*, 114 App. Div. 681; *Travis* v. *Bowron*, 138 id. 554.) Motion for a new trial denied. Ten days' stay. Thirty days to make a case.