HORN et ux. v. MITCHELL.

No. 35042.   Dec. 2, 1952.

Rehearing Denied Dec. 16, 1952.

*251 P. 2d 188.*

Preston W. Jones, Muskogee, for plaintiffs in error.

Harry G. Davis and Forrester Brewster, Muskogee, for defendant in error.

PER CURIAM.   In this case the defendant in error, as plaintiff, sued the plaintiffs in error, as defendants, to recover a commission as real estate agent employed by the defendants for the sale of their property.

In the petition the plaintiff alleges that he and the defendants entered into a written contract of agency and that he extensively advertised the property for sale, and before the expiration of his exclusive agency he found a prospective purchaser, one Jess Ross, and showed him the property, but was unable to agree on the purchase price with Ross; that before the extension provided in the written contract had expired and after plaintiff was given the right, the same as some other real estate agents, to sell the property in open market, the said Jess Ross purchased the property from the defendants.

The answer of the defendants was a general denial.

The pertinent parts of the written contract are as follows:

"Standard form listing contract, dated May 10, 1949, expiration date July 10, 1949. To Sam H. Mitchell, Muskogee, Oklahoma, in consideration of your agreement to list and use your efforts to find a purchaser for the property . . . the undersigned hereby gives you the sole and exclusive right to sell said property for the sum of $9500.00 . . . if sale or exchange is made or a purchaser procured therefor by you, by the undersigned, or by any other, at the price and upon the terms specified herein, or at any other terms and price accepted by the undersigned during the life of this contract or sold or exchanged within one month after the termination thereof to any one with whom you negotiate during the life of this contract, the undersigned agrees to pay a commission of 5% of the sale price."

The evidence discloses that the plaintiff, by advertisement and other methods, offered the property for sale, and within the period of the exclusive agency, namely: between the dates of May 10, 1949, and July 10, 1949, he presented the property for sale to the said Jess Ross and further carried on negotiations with him from time to time.

The evidence further discloses that at no time, either within the exclusive listing period, or within the one month

extension, was the plaintiff able to get Ross to agree to the amount of the purchase price at which plaintiff was authorized to sell the property.

The evidence further discloses that on August 13th the defendants closed a deal with Ross and sold him the property at a price then arrived at and agreed upon between the defendants and Ross. Thus, Ross became a purchaser three days after the one month extension period provided in the contract.

At no time during the life of the contract was the plaintiff able to make a sale of the property or to present to the defendants a purchaser at the price set out in the contract or at a price accepted by the defendants. As a general rule, where a real estate broker is given an exclusive listing for a definite period of time, he must perform his contract within the time. 12 C.J.S., p. 44, §16; 26 A.L.R. 780; Slotboom v. Simpson Lbr. Co., 67 Ore. 516, 135 P. 889.

However, the plaintiff contends both by his pleadings and evidence that he was granted additional time by the defendants to sell the property.

Plaintiff's testimony on this point is to the effect that on August 8th he met with the defendant, Mary Horn, and she told him "you keep on selling—keep on selling the house". Mary Horn denies this. She testified that at that time referred to by the plaintiff in the above testimony, plaintiff told her that he was still working trying to sell the house and "I informed him as long as he was trying to sell it there wasn't anything I could do about it until the expiration of the contract," that she couldn't do much about it and supposed she would have to go ahead and let him sell it as long as the contract was in effect.

After the close of all the evidence, the trial court sustained a motion of the plaintiff for a directed verdict, and thereafter rendered its judgment based on that verdict.

This, we think was error. Unless there was an agreement to give the plaintiff additional time beyond the time set out in the contract, which time expired August 10, 1949, the plaintiff had no further right or authority to make a sale of the property. Whether he was given additional time was a disputed question of fact and was one that should have been submitted to the jury. In an action of legal cognizance, where there is a disputed question of fact which is material to the determination of the case, it is error for the trial court to direct a verdict. Eisenschmidt v. Conway, 195 Okla. 77, 155 P. 2d 241. The cause should have been submitted to the jury.

The judgment of the trial court is reversed, with directions to overrule the motion for instructed verdict.

This court acknowledges the services of Attorneys T. R. Wise, H. M. Thacker and W. B. Garrett, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. HALLEY, V.C.J., and GIBSON, JJ., dissent.