MIDWESTERN ACCEPTANCE CO., Inc.,
a corporation, Plaintiff in Error,

v.

ALLIED FINANCE CO., a corporation, and Frederick R. Noble and Betty L. Noble, husband and wife, Defendants in Error.

No. 40148.

Supreme Court of Oklahoma.

Sept. 24, 1963.

493

Arthur S. Bay, Oklahoma City, for plaintiff in error.

Chas. D. Scales, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

The question for determination in this appeal is whether the trial court properly took the case from the jury.

Defendant in error, Allied Finance. Co., a corp., hereinafter referred to as. Allied,, as plaintiff, instituted this action against Midwestern Acceptance Co. Inc. a corporation, hereinafter referred to as Midwestern, and Frederick R. Noble and Betty L. Noble, husband and wife, for recovery of certain household furniture.

Midwestern filed a cross-petition alleging that Allied had actual knowledge when it took its mortgage, of the prior existence of the conditional sales contract. At the pre-trial conference the parties stipulated that the only issue was whether or not Allied did then have such notice.

At the trial it developed that on June 15, 1960, the Nobles had purchased, by terms of a certain conditional sales contract, certain items of furniture from M. store in Oklahoma City; that such contract was sold by M. to Midwestern on June 29, 1960, and filed of record the next day; that on June 20, 1960, the Nobles borrowed some money from Allied and gave a chattel mortgage in which the aforementioned furniture was described; that such mortgage was recorded on the 24th day of June, 1960; that the Nobles did not pay either Allied or Midwestern all owing to them; that Frederick R. Noble's indebtedness personally to Allied and Midwestern was discharged in bankruptcy on October 16, 1961; that prior

494

to the filing of this action by Allied, Midwestern had replevied the furniture; that Allied was not a party to such action; that after the filing of the present suit the furniture was sold pursuant to an agreement of all the parties; and that the proceeds of such sale were deposited with the court clerk pending the outcome of this action.

The trial court, after the parties had presented their evidence, sustained Allied's motion for a directed verdict in its favor. Midwestern appeals from an order overruling its motion for a new trial following directed verdict for Allied and judgment based thereon.

For reversal Midwestern presents two propositions:

"A motion for a directed verdict should be denied if there is any competent evidence which would reasonably support verdict in favor of party against whom motion is levied.

"Credibility of witnesses and weight of their testimony are matters for jury's determination and it is peculiarly within jury's province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or to discredit them, and to determine the case according to the preponderance of the evidence."

We are considering these propositions together.

In the course of his testimony, Mr. Noble several times stated, in substance, that he advised Allied that he and his wife owed Midwestern for the furniture. Mrs. Noble testified to this effect approximately three times. A number of times during his testimony Mr. Noble stated, in substance, that he was not aware of the fact that Allied intended to list the furniture, here involved, on its mortgage; that they signed "blank papers". Mrs. Noble testified to such effect a minimum of three times. The Nobles didn't deny their signatures on the mortgage to Allied.

On rebuttal, the employee of Allied who negotiated the loan with the Nobles, denied,

several times, that the Nobles advised him that there was a prior lien on the furniture. He testified of effect that the Nobles did not mention any indebtedness to Midwestern.

■ As we view the record, there was a definite conflict between the evidence of Allied and Midwestern. Allied introduced the chattel mortgage signed by Mr. and Mrs. Noble, which was filed of record about six days prior to date of the filing of Midwestern's conditional sales contract and, also, the "Application for Loan and Applicant's Financial Statement" signed by the Nobles. Such application did not indicate any indebtedness to the M. store or Midwestern and written on the face thereof was the statement "This is all I owe". As above stated, Allied's employee denied that the Nobles advised him of Midwestern's interest or their indebtedness to Midwestern. On the other hand, as above shown, several times during the course of their testimony, Mr. and Mrs. Noble stated that they advised Allied that they still owed for the furniture and that it was mortgaged to Midwestern. The Nobles further testified that they signed a blank mortgage and that they were not aware of the fact that the furniture here involved would be listed on the mortgage.

"This court has consistently followed the rule that in passing upon a motion for directed verdict, the trial court must consider as true all the evidence favorable to the party against whom the motion is directed, together with all inferences that may be reasonably drawn therefrom, and disregard all conflicting evidence favorable to the movant, and the matter should then be left to the jury if there is any competent evidence tending to show a right to recover under any view of the evidence so considered." Johnson v. Town of Chelsea, Okl., 375 P.2d 904.

In the case of City of Shawnee v. Bryant, Okl., 310 P.2d 754, in the fourth paragraph of the syllabus, this court said:

"The credibility of a witness and the effect and weight to be given to in-

consistent or contrary oral testimony are questions of fact to be determined by the triers of fact, whether court or jury, and not of law for the court. Where the case is tried before the jury, it is peculiarly within their province to weigh the testimony of the witnesses, as well as all the facts and circumstances tending to corroborate or discredit them and determine the case according to the preponderance of the evidence."

 In the case of Horn v. Mitchell, 207 Okl. 566, 251 P.2d 188, 190, we said:

"In an action of legal cognizance, where there is a disputed question of fact which is material to the determination of the case, it is error for the trial court to direct a verdict. Eisenschmidt v. Conway, 195 Okl. 77, 155 P.2d 241. The cause should have been submitted to the jury."

The following language from the case of Ponder et al. v. Beeler Motor Co., 176 Okl. 385, 55 P.2d 1010, 1012, is considered applicable to the instant case:

"While it is true that the plaintiffs were negligent in not filing their conditional sale contract of record in Oklahoma county, or in some other county, yet the law is such that when actual notice is given, that takes the place of constructive notice, and is paramount and superior to constructive notice.

"It is in line with the general current of authority to uphold conditional sales of personal property as valid against those who purchase the same with notice, either constructive or actual."

In view of the record in this case, and in light of the above authorities, we are of the opinion that the trial court erred in directing a verdict for Allied against Midwestern. The judgment is therefore reversed and the cause remanded to the trial court for further proceedings not inconsistent with the views herein expressed.