THOMAS C. A. DEXTER & another *vs.* HENRY F. CAMPBELL.

Suffolk. March 7. — May 10, 1884. DEVENS & COLBURN, JJ., absent.

A. employed B. to find purchasers for a certain number of shares of stock at a price named, and agreed to pay him a commission of a certain per cent on the sale. B. negotiated with C. for the purchase of the stock, and D. was subsequently consulted with by C., and later by B., as to joining in the purchase. D. suggested E. as an associate, and afterwards called his attention to the matter. While these negotiations for a sale were pending, A. informed B. that he had sold the stock to other persons, and could not sell to C. and his associates; but afterwards, at the request of B. and C., A. transferred the shares to C., D., and E., as a sale in one "block," and at a lower price than that originally fixed by him, though B. had nothing to do with such reduction in price. *Held*, in an action by B. against A., that B. was entitled to recover a commission on the shares so sold.

CONTRACT to recover commissions on a sale of seven hundred shares in the American Hoop Dressing Company by the defendant to one Everett and others. Trial in this court, without a jury, before *Holmes*, J., who found the following facts:

The defendant was the inventor of a patented machine for making hoops, had formed a corporation, transferred the patent to it, and, at the time of the transactions in question, was the owner of over two thousand shares of its stock, of the par value of $100 a share.

In March, 1882, the defendant employed the plaintiffs to find purchasers for four hundred shares. A few days later he raised the number to five hundred, and fixed the price at $80 a share, saying that no more would be sold at any price, and none at less. No specific shares were contemplated or spoken of, and no time was stipulated for the plaintiffs to have the privilege of selling the stock. A few days after this, he said he should pay the plaintiffs fifteen per cent on a sale of the stock, and more if he could manage it. This was the only communication between the parties as to the rate of the plaintiffs' compensation.

The plaintiffs, in pursuance of their employment, saw Everett, and negotiated with him for the sale and purchase of the five hundred shares. Everett was consulted as to whom he would like to have associated with him, and mentioned one Bacon's name among others. Bacon was subsequently consulted by Everett, and spoken with by the plaintiffs, as to joining in the enterprise, and the desirability of the purchase. Bacon suggested the name of one Thomas, and subsequently called Thomas's attention to the matter. The judge did not find whether the plaintiffs had any share in selecting or bringing Thomas into the adventure other than as herein stated, or had any interviews with him for that purpose; but found that the sale of five hundred shares was dealt with between the defendant and the plaintiffs, and also between the plaintiffs and Everett and such of his associates as they had occasion to see, as substantially a sale in one block, however subsequently divided among the purchasers; and the plaintiffs' introduction of the matter to Everett led to the association of Thomas as well as of Bacon with him, in the manner hereinbefore set forth.

After Everett and his associates had given the matter a good deal of attention, but before they had agreed to purchase, the defendant announced to the plaintiffs that he had sold the shares to other persons, and could not sell to Everett and his associates, alleging an agreement with such other persons to sell no more stock to any one. But in the course of the same month, owing in part to the remonstrance of Everett and equally to the continued urgency of the plaintiffs, who claimed, respectively, at least a moral right, the one to purchase and the others to effect a sale of the stock, the defendant transferred one hundred shares to Everett, two hundred to Bacon, and four hundred to Thomas, at $50 a share. This price and number of shares were offered by the defendant to Everett direct, and the plaintiffs had no hand in the reduction of the price from $80, nor in the increase of the number of shares sold to Everett and his associates over the number originally offered.

The judge ruled that the foregoing facts did not prevent a recovery by the plaintiffs of commissions on five hundred shares, but disclosed no ground for their recovery in respect of shares sold beyond the amount of five hundred; and found that the plaintiffs were entitled to a commission of fifteen per cent on $25,000, the price at which the five hundred shares were actually sold, namely, to $3750, under the agreement above recited; or if not under the agreement, then that fifteen per cent was a reasonable compensation under the circumstances of the case; and found for the plaintiffs in the sum of $3750, with interest from the date of the writ; and, at the request of the defendant, reported the case for the consideration of the full court. If the ruling was correct, judgment was to be entered for the plaintiffs in the above sum; otherwise, a new trial to be granted, or judgment to be entered for such other sum as the court might direct upon the above findings.

*C. H. Drew*, for the defendant.

*W. G. Russell*, (*J. Fox* with him,) for the plaintiffs.

W. ALLEN, J. The judge who tried the case found that the defendant employed the plaintiffs to find purchasers for five hundred shares of stock, and agreed to pay them a commission of fifteen per cent on the sale; that the plaintiffs found purchasers to whom the defendant sold the five hundred shares; and that

the plaintiffs are entitled to their commission. The only question presented is whether the ruling that certain facts set forth in the report did not prevent a recovery by the plaintiffs of commissions on five hundred shares was correct.

The fact that negotiations with Thomas were conducted through Everett will not prevent the plaintiffs from recovering commissions on the shares transferred to Thomas. The plaintiffs applied to Everett, and Everett associated with himself Bacon and Thomas, and the three associates acted together and bought the five hundred shares in one " block." It is immaterial which of them conducted the negotiations, or to which of them the transfers of the stock were made.

The fact that, at one time, while negotiations for the sale were pending, the defendant refused to sell the stock, will not prevent the plaintiffs from recovering, if, at the request of the plaintiffs and the purchaser, the defendant subsequently renewed the negotiations, and made the sale.

The fact that the defendant sold the stock for less than the price originally fixed by him, will not prevent the recovery by the plaintiffs of their commission upon the amount for which it was sold.                        *Judgment for the plaintiffs.*