## LEVY *v.* COOGAN.

*(Common Pleas of New York City and County, General Term.* April 7, 1890.)

1. APPEAL—REVEIW OF FACTS—MOTION FOR NEW TRIAL.
   Where a case on appeal contains no order denying a motion for a new trial, and an inspection of the notice of appeal does not disclose an appeal from such an order, the general term is precluded from reviewing the facts, except so far as may be necessary to ascertain if there was sufficient evidence to sustain the verdict.

2. FACTORS AND BROKERS—REAL-ESTATE AGENTS—COMMISSIONS.
   A broker employed to sell real estate earns his commissions, if, through his instrumentality, the buyer and seller meet, and negotiations are thus opened between them which culminate in a sale, though for a sum less than that first fixed by the principal.

3. SAME—EVIDENCE.
   In an action for the commissions, the conveyance to the purchaser is competent evidence to prove the fact of the sale, the consideration therefor, and the amount of commission to which plaintiff is entitled.

Appeal from city court, general term.

An action by Louis Levy against Theresa Coogan, to recover broker's commissions on a sale of real estate. There was a verdict for plaintiff. The judgment rendered thereon was affirmed at the general term of the city court, and defendant again appeals.

Argued before LARREMORE, C. J., and DALY and BISCHOFF, JJ.

*Early & Prendergast*, (*Martin J. Early*, of counsel,) for appellant. *Charles Steckler*, (*Alfred Steckler*, of counsel,) for respondent.

BISCHOFF, J. The judgment appealed from was rendered upon the verdict of a jury, but the case on appeal contains no order denying defendant's motion for a new trial, and an inspection of the notice of appeal does not disclose an appeal from such an order. This court is therefore precluded from reviewing the facts, excepting so far as may be necessary to ascertain if there was sufficient evidence to sustain the verdict. Code Civil Proc. §§ 1346, 1347, made applicable to appeals from the city court to this court by sections 1344, 3191, and 3192; *Wright* v. *Hunter*, 46 N. Y. 409; *Boos* v. *Insurance Co.*, 4 Hun, 133, and 64 N. Y. 236; *Godfrey* v. *Moser*, 66 N. Y. 250, 252; *Ehrman* v. *Rothschild*, 23 Hun, 273.

It was admitted by the pleadings that plaintiff was engaged in business in the city of New York as a real-estate broker; that he was employed by defendant to procure a purchaser for the premises Nos. 86, 88, and 90 James street; and that the usual commissions of brokers for similar services were 1 per centum of the purchase money. The only issue to be tried was as to the performance by the plaintiff of the services required of him, and, in support of plaintiff's claim of performance, he testified that Matthew Coogan, who was conceded to have been defendant's authorized agent for that purpose, directed him to procure a purchaser in the sum of $93,000 for the three houses; that he (plaintiff) called the attention of Solomon Kushewsky and Raphael Kushewsky to the premises, and introduced them to defendant's agent as persons wishing to buy; that defendant's agent negotiated with the Kushewskys concerning the amount of purchase money required, and finally consented to accept $90,000 for the entire premises; and that thereupon Solomon Kushewsky purchased No. 86 for $30,000, the commissions on which sale were paid to

the plaintiff. It also appeared in evidence that by mutual understanding the sale of Nos. 88 and 90 was postponed until the return of Raphael Kushewsky from Troy, and that about a month later the last-mentioned houses were conveyed to Raphael Kushewsky for $60,000; that being the consideration named in the deed admitted in evidence. I fail to see any sufficient ground for holding that these facts did not establish plaintiff as the procuring cause of the sale, or that he did not fully comply with every requisite to his right of recovery of the commission claimed. It is true that the evidence for defendant tended to establish facts inconsistent with those claimed for the plaintiff, but it was the province of the jury to accept the one, and reject the other, and having by their verdict pronounced in favor of the plaintiff, the evidence introduced on his behalf established the facts claimed for him, and these entitle him to the judgment rendered.

The trial justice's charge to the jury was most lucid and exhaustive. It was fully supported by the evidence, and correctly stated the law applicable to the facts. The deed from defendant to Raphael Kushewsky, containing an admission by defendant of the receipt of $60,000 purchase money, was competent evidence to prove the fact of the sale, the sum for which the sale was made, and the amount of commissions to which plaintiff was entitled; and the court properly instructed the jury that this evidence might be considered by them in their determination of these questions. The consideration named in the contract of sale between Raphael Kushewsky and defendant was not conclusive upon the plaintiff. Defendant's counsel requested the court to instruct the jury that plaintiff was not entitled to a recovery unless it satisfactorily appeared that he had effected a sale at the sum, and upon the terms, fixed by defendant at the inception of plaintiff's employment, and that, though the sale was made to the person procured by plaintiff, if it was made for less than he was originally requested to obtain, or upon terms essentially differing from those originally fixed by defendant, he was not entitled to the commissions. The legal propositions involved in these requests, while not absolutely incorrect, were not sufficiently broad to make them applicable to the facts, and were therefore justly denied. The justice charged that, to entitle plaintiff to recover, he must establish to the satisfaction of the jury "that the sale was at the price at which he was authorized to sell, or a price satisfactory to his principal, under the employment which he claims was made;" and this amply stated the legal principles affecting plaintiff's right to recover. It is not essential to entitle a broker to his commissions that he should have procured a purchaser upon the precise terms named by the principal at the time of the employment. If, through the instrumentality of the broker, the buyer and seller meet, and negotiations are thus opened between them, which, continuing without withdrawal by either party therefrom, culminate in a sale, though for a sum less than that originally demanded, and upon terms deviating from those at first fixed by the principal, I can see no equitable ground in support of the claim that the broker has not been the procuring cause of the sale, and has not for that reason earned the commissions. The principal possesses an undoubted right to adhere to the price and terms originally fixed; but if he deviates therefrom, and consents to a modification thereof, and thereupon concludes a sale with the person procured by the broker, he ratifies the latter's departure from his instructions, and is liable for the commissions. While I have not been able to find any reported case in which this question appears to have been adjudicated by any court of this state, I know of no legal principle in conflict with the above views, and they are fully supported by the decisions in *Dexter* v. *Campbell*, 137 Mass. 198, and *Potvin* v. *Curran*, 13 Neb. 302, 14 N. W. Rep. 400; the first being a case for commissions on the sale of stock, the second of real estate, but the governing principles being alike in both cases. Neither are these views in conflict with the decision in *Sibbald* v. *Iron Co.*, 83 N. Y. 378, cited by defendant's coun-

536 NEW YORK SUPPLEMENT, vol. 9. [C. P. N. Y.

sel, and *Briggs* v. *Rowe*, 1 Abb. Dec. 189. The two cases last cited hold only that, although the broker may have been the means of first bringing the parties together, and of opening negotiations between them, yet if the negotiations are unproductive, and the parties in good faith withdraw therefrom, and abandon the proposed purchase and sale, a subsequent renewal of negotiations or sale, upon the same or different terms, does not entitle the broker to the commissions, and that he cannot in such a case be said to have been the procuring cause of the sale,—a proposition to which I unqualifiedly assent.

The exceptions taken by defendant during the progress of the trial were not specially urged upon this appeal, but an examination thereof does not reveal any error which would entitle defendant to a reversal. The judgment of the general term of the city court, affirming the judgment of that court, should be affirmed, with costs. All concur.