### DAILEY *v.* YOUNG.

*(Supreme Court, General Term, Second Department.   February 11, 1891.)*

REAL-ESTATE BROKERS—COMMISSIONS.

Defendant employed plaintiff to sell a house for him at $4,500.   Plaintiff was in negotiation with one D., who refused to pay the price, and he told defendant so, but defendant refused to take less, and did not terminate the contract with plaintiff.   Afterwards defendant sold to D. for $4,200.   *Held,* that plaintiff was entitled to recover commissions as the procuring cause of the sale.

Appeal from Orange county court.

Action by John B. Dailey against Jacob Young.   There was a judgment for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Y. N. Little, for appellant.   B. F. Law, ( W. F. O'Neill, of counsel,) for respondent.

BARNARD, P. J.   The complaint avers an employment of the plaintiff by the defendant to sell a house and lot in Middletown, Orange county, which the defendant owned; that after the sale the defendant requested the plaintiff to accept $100, which was less than the value of the service, and that the plaintiff accepted this sum as the value of the work done. The answer denies the complaint entirely.   It appeared on the trial that the contract of employment between the parties in respect to the price was that it was to be $4,500.   The defendant sold the house himself for $4,200.   The plaintiff was in negotiation with one Donavan, and had shown him the premises.   Donavan would not pay the price, and the plaintiff so informed the defendant.   He refused to take less, but did not terminate the contract with the plaintiff.   He was told that the proposed purchaser wanted an abatement of one or two hundred dollars.   The defendant, on this state of the facts, agreed with the purchaser, Donavan, for $4,200, saying that "as long as he was doing the business himself he would not have to pay any commission."   These facts, if found by the jury, put the parties in a position in respect to the subject of the contract the same as if defendant had told plaintiff to sell to Donavan at the price he took himself.   This was the view of the parties themselves, for defendant promised to pay the $100 agreed upon after he had sold to Donavan.   Levy v. Coogan, 9 N. Y. Supp. 534.   The plaintiff was entitled to recover this sum, and the judgment should be affirmed, with costs.