WILLIAM J. COUGHLIN vs. HIRAM G. RANDALL.

Suffolk.    March 18, 1891. — May 19, 1891.

Present: FIELD, C. J., C. ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Contract — Sale of Real Estate — Evidence.*

In an action to recover a commission on a sale of real estate, the first count of the
declaration alleged that the defendant employed the plaintiff to sell the same,
and agreed to pay him a certain commission on a sum named if he should sell
the estate for that sum, or an equivalent thereof; the second count was on an
account annexed. At the trial the plaintiff's evidence showed that he sold the
estate for a fair equivalent, and that the defendant agreed to pay him the com-
mission on such sum if the estate was either sold or exchanged. This was con-
tradicted by the defendant, who, after testifying without objection that he
received no money from the sale, offered to show what was actually received in
exchange for the estate, and that it was much less than the sum named in the
declaration. *Held*, that this offer of evidence was improperly excluded.

MORTON, J.    This is an action to recover a commission on a
sale of real estate. The first count in the plaintiff's declaration
alleged that the defendant employed him to sell certain real
estate belonging to him, and agreed to pay him a commission of
two and one half per cent on the sum of $12,000, if he should
sell the estate for that sum, or an equivalent thereto. At the
trial, the plaintiff offered evidence tending to show that he sold
the estate of the defendant for a fair equivalent, and that the
defendant agreed to pay him a commission of two and one
half per cent on $12,000, if the property was either sold or
exchanged. This evidence was contradicted by the defendant,
who testified, without objection, that he received no money
from the sale of his estate, and offered to show what was actu-
ally received in exchange for the estate alleged to have been
sold by the plaintiff, and that it was much less than twelve
thousand dollars. The evidence was, upon the plaintiff's objec-
tion, excluded by the court, and the defendant excepted. We
think the defendant should have been allowed to introduce it.
The contract set out by the plaintiff imported that the defend-
ant was either to have $12,000 in money, or property of a value
fairly equal to that amount, in case an exchange was effected
instead of a sale for money. It was only in case the defendant

received $12,000 in money, or property of a value fairly equivalent thereto, that he was to pay the two and one half per cent commission on $12,000. The defendant should, therefore, have been allowed to introduce the testimony offered by him, and tending to show that the property which he received was not fairly equivalent in value to $12,000.

The testimony would also be admissible if the plaintiff should not be entitled to recover on the specified contract set out in the first count, but should be entitled to recover under the second count, which was on an account annexed, a reasonable compensation for any services which he actually rendered in effecting the sale and exchange for the defendant. *Dexter* v. *Campbell*, 137 Mass. 198.                              *Exceptions sustained.*

*S. Bancroft*, for the defendant.
*W. N. Osgood*, for the plaintiff.