(6 Misc. Rep. 124.)

## GOLD v. SERRELL.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

1. REAL-ESTATE BROKERS—EMPLOYMENT BY GENERAL AGENT—SECRET INSTRUCTIONS.

A general agent respecting the control and sale of real estate may bind his principal by the employment of a broker for the sale thereof, notwithstanding the principal's instruction to the agent that she would not consent to the allowance of broker's commissions.

2. SAME—RIGHT TO COMMISSIONS—DEVIATION FROM PRICE.

A real-estate broker is entitled to commissions, though the price at which the sale was finally made by the principal deviated from that which he was originally instructed to secure; the negotiations commenced by the broker having continued uninterruptedly, and he having been actively instrumental throughout the negotiations in causing the parties to the sale to arrive at the price finally agreed on.

Appeal from city court, general term.

Action by Lewis Gold against Mary E. Serrell for real-estate commissions. From a judgment (21 N. Y. Supp. 1078) affirming a judgment for plaintiff entered on report of a referee, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Isaac N. Miller, for appellant.
George W. Dease, for respondent.

BISCHOFF, J. This being an appeal from the city court of New York, its judgment of affirmance is conclusive upon us, respecting the weight of the evidence. We are enabled, therefore, by the exceptions to the findings of fact, and to the refusals of the referee to find as requested for defendant, to review the proceedings on the trial to the extent only of inquiring whether there was any evidence to support the facts on which the judgment appealed from is predicated. Myers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996. The record adequately sustains the referee, and his conclusions from the facts found are indisputable.

Plaintiff sued to recover commissions on the sale of real property owned by defendant. He maintained that he was employed as a broker to effect the sale by defendant's agent in that respect. Defendant denied the employment and performance of the services. On the trial, however, plaintiff and the vendees, Fine and Boskey, testified to the effect that the property was first brought to the notice of the vendees by plaintiff, and that the latter effected the sale, and was the inducing cause thereof. The testimony of these witnesses was substantially unchallenged in that respect. A conflict, however, arose as to whether plaintiff was employed by Syms. The former testified that Syms represented himself to be authorized by defendant to sell the property, and that he undertook to procure a purchaser upon Syms' promise to pay commissions, all of which the latter denied. Syms' authority to employ plaintiff was likewise disputed, but, when examined as a witness in her own behalf, defendant admitted that Syms was her general agent, and as such had charge and control of her property,—an admission which was amplified by the conceded facts that the contract for the purchase and sale of the property which was entered into by defendant and the vendees was executed by Syms, acting for defendant, and that the contract was thereafter performed by delivery of the deed and payment of the purchase money, in which matters Syms continued to represent defendant. In still further support of plaintiff's contention that Syms was authorized to employ him, it appeared from the testimony of the vendees that, after the contract was made, defendant admitted to each of them that she owed plaintiff for his commissions. The futility of the argument of appellant's counsel that the execution of the contract by Syms, its subsequent performance, and defendant's admissions of indebtedness to plaintiff, do not constitute a ratification of Syms' unauthorized acts, is apparent from the fact that it assumes that Syms acted without authority, whereas the matters contended to be insufficient to show ratification sustain an inference of original authority. True, one employed as broker to sell real property under special instructions from the owner cannot delegate his authority to another, nor can the subbroker, under such circumstances, look to the first broker's principal for compensation. Carroll v. Tucker, 2 Misc. Rep. 397, 21 N. Y. Supp. 952. But in the case at bar the evidence sustains the claim that Syms was defendant's general agent respecting the control and sale of her real property, and it is elementary that one dealing with another as general agent is not bound by the secret instructions of the principal to his agent. As general agent of defendant respecting the sale and control of her real property, Syms had implied authority to employ others to assist him in the transaction of the business affecting it, who could look to his principal for compensation. Upon the implied authority, plaintiff, as well as all others, could rely, in the absence, of course, of notice of particular limitation of it. Hence, plaintiff's right to the commissions promised by Syms was in no sense impaired by defendant's instructions to the latter

that she would not consent to the allowance of broker's commissions out of the proceeds of sale which she expected to realize.

Equally untenable is appellant's claim that the evidence did not establish performance by plaintiff of the contract of employment because it appeared that the price for which the sale was made deviated somewhat from that which he was originally instructed to secure. The negotiations for the sale continued uninterruptedly. Throughout them, plaintiff was actively instrumental in causing vendor and vendees to arrive at the price to which both eventually agreed. Levy v. Coogan, (Com. Pl. N. Y.) 9 N. Y. Supp. 534.

Though exceptions to rulings on the trial which appear in the record are not urged on this appeal, we have examined them, but are unable to conclude that error is presented by any. In some instances, the exceptions are based upon objections to the admission of evidence of conceded facts. Any error in that respect, therefore, is harmless. In other instances, the objections were that the evidence admitted is immaterial and irrelevant. These objections do not appear to have been well grounded, and it cannot be urged for the first time on appeal that the evidence should have been excluded as incompetent. Ward v. Kilpatrick, 85 N. Y. 413; Mead v. Shea, 92 N. Y. 122. Judgment affirmed, with costs. All concur.