### O'TOOLE v. TUCKER.

(City Court of New York, General Term. April 27, 1896.)

1. APPEAL—VERDICT—CONFLICTING EVIDENCE.
　　A judgment on a verdict will not be disturbed, where the evidence is conflicting.

2. REAL-ESTATE BROKER—PROCURING PURCHASER—COMMISSIONS.
　　A broker is entitled to commissions, where he produces a person ready and willing and able to buy, and negotiations are then conducted between the purchaser and the owner, and finally result in a sale.

Appeal from trial term.

Action by Patrick O'Toole against Robert Tucker for commission as broker. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and McCARTHY, J.

Martin & Weil, for appellant.

Weed, Henry & Meyers, for respondent.

McCARTHY, J. This case was fairly presented to the jury, and, they having found against the appellant on the evidence and the weight of evidence, we are not inclined to disturb their verdict. It is true that the respondent stood alone, and against him were the appellant and two others; but this, of itself, does not signify, since the rule is that the evidence is not judged by the number of witnesses, but by the quality of the evidence. There was a sharp conflict, and the jury, having the witnesses before them, accepted the evidence of the plaintiff.

In order to entitle a broker to commissions or compensation, it is sufficient that a sale is effected through his agency, as its procuring cause; and if his communications with the purchaser are the means of bringing him and the owner together, and the sale results in consequence, the compensation is earned, although the broker does not negotiate, and is not present at, the sale. Lloyd v. Matthews, 51 N. Y. 124; Sibbald v. Iron Co., 83 N. Y. 378. Nor is it necessary that the sale must be at the original terms given to the broker. If the broker produces a party, ready, and willing and able to buy, and negotiations are then conducted between the purchaser and the owner, and finally result in the sale, the broker is entitled to his commissions, provided he is the procuring cause of said sale. Gold v. Serrell, 6 Misc. Rep. 124, 26 N. Y. Supp. 5; Levy v. Coogan (Com. Pl.) 9 N. Y. Supp. 534; Atwater v. Wilson, 13 Misc. Rep. 117, 34 N. Y. Supp. 153; Dailey v. Young (Sup.) 13 N. Y. Supp. 435. When he procures a party ready to make the purchase at a satisfactory price, he has performed his obligations to the principal.

As to the tenth request by the appellant to charge, we must hold that there is no direct ruling, and that the appellant should have had the trial justice declare that he declined or refused to charge. Even if we grant that his answer was a declination to charge as requested, he was correct, since it was asking him to determine a question of fact, which was solely within the province of the jury.

We find no error, and the judgment must therefore be affirmed, with costs.