(17 Misc. Rep. 554.)

### O'TOOLE v. TUCKER.

(Supreme Court, Appellate Term, First Department. July 27, 1896.)

REAL ESTATE AGENTS—PROCURING PURCHASER—COMMISSION.

　　A broker is entitled to commissions where he produced a person ready, willing, and able to buy, and negotiations were then conducted between the purchaser and the owner, and finally resulted in a sale, though the terms originally proposed were modified. 38 N. Y. Supp. 969, affirmed.

Appeal from city court of New York, general term.

Action by Patrick O'Toole against Robert Tucker for brokerage. A judgment in favor of plaintiff was affirmed by the city court (38 N. Y. Supp. 969), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Martin & Weil, for appellant.

Weed, Henry & Meyers, for respondent.

McADAM, J. The action is for brokerage on procuring a pur-. chaser for a liquor store belonging to the defendant, situated in Thirty-Third street, New York City. There is no dispute as to the employment of the plaintiff, that he introduced Mr. Reedy to the defendant as the proposed purchaser, and that the defendant finally consummated a sale to Reedy for $8,000. The defense is that, though Reedy bought at the price named, he did not buy accord-ing to the terms on which the plaintiff was employed to sell, be-cause they had to be modified by the defendant to suit the financial condition of Reedy as to ready cash. The plaintiff demanded his brokerage after the sale, and the defendant, according to his own evidence, said, "If you had sold the place upon the terms I gave. you, namely, $3,000 cash, I would have made it right with you." The plaintiff testified that he took Reedy to the defendant, intro-duced him, and left the two to make their own terms, and that the defendant said "he would do the rest himself if I brought him a buyer." When Reedy said he could not comply with the terms originally announced by the defendant, the latter did not let the matter drop, but went on, got his original price, making the terms as to ready money so that the purchaser could comply with them, and in this manner the sale went through. In other words, the defendant did just as he told the plaintiff he would do,—after the plaintiff brought him the buyer he did the rest himself. The plain-tiff having brought the parties together, and there being no inter-vening agency, the delay in closing the purchase does not deprive him of his brokerage. Morgan v. Mason, 4 E. D. Smith, 636. Nor did the fact that the defendant subsequently modified his terms as to the mode of payment effect such a result: Gold v. Serrell, 6 Misc. Rep. 124, 26 N. Y. Supp. 5; Atwater v. Wilson, 13 Misc. Rep. 117, 34 N. Y. Supp. 153; Levy v. Coogan (Com. Pl.) 9 N. Y. Supp. 534; Dailey v. Young (Sup.) 13 N. Y. Supp. 435. Indeed, the change put the parties in the same position, in respect to the subject of the contract, as if the defendant had in the first instance employed the plaintiff to sell on the terms he took himself. Dailey v. Young, supra. There was evidently no revocation of the plaintiff's author-, ity, for the defendant's refusal to pay was based on the sole ground that the plaintiff had not sold to Reedy on the terms of the original employment.

The plaintiff testifies that when he demanded his brokerage the defendant said: "This thing did not pan out as I expected it would. I didn't get the amount of cash I expected." Plaintiff then said, "But you sold the place for $8,000," to which the defendant re-

plied, "Yes; but he had but little cash"; and the defendant then said "he would give me some compensation." The acts and sayings of the parties are totally inconsistent with the proposition urged by the defendant on the argument,—that the plaintiff's authority had been revoked, or that he or the purchaser had, prior to the sale, abandoned further efforts to consummate the same. It cannot, therefore, be seriously contended that there was an entire absence of evidence to support the facts upon which the plaintiff depended to sustain his action. On the contrary, there was ample to require the submission of the issues to the jury. We cannot review the weight of evidence or consider the question of credibility of witnesses, as the affirmance by the general term is conclusive upon those subjects. Bold v. Serrell, supra; Arnstein v. Haulenbeek (Com. Pl.) 11 N. Y. Supp. 701; Smith v. Pryor (Com. Pl.) 9 N. Y. Supp. 636; Rowe v. Comley, 11 Daly, 318; Gundlin v. Packet Co., 8 Misc. Rep. 291, 28 N. Y. Supp. 572.

The rulings of the court on four of the defendant's requests to charge have been criticised, but, as applied to the facts of the case, there is no merit in the exceptions taken thereto.

The jury rendered a verdict in favor of the plaintiff for $250,— a sum less than the plaintiff was entitled to receive under his contract of employment. But as the plaintiff has not appealed the defendant cannot complain that the jury did not give a verdict against him sufficiently large. The court of common pleas, in Rowe v. Comley, supra, said in regard to such a finding:

"If the general term of the marine [now city] court had seen fit to set aside the verdict upon the ground that it was the result of a compromise, they had power so to do, in the exercise of their discretion; but this court can only consider upon appeal the exceptions taken during the trial."

The judgment must be affirmed, with costs. All concur.