GEORGE ROGERS *vs.* ANNIE BLOOM.

Essex.    November 13, 1928. — November 28, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Broker*, Commission.

At the trial of an action by a broker against an owner of land for a commission, there was evidence that the defendant hired the plaintiff and agreed to pay him a certain commission; that the plaintiff thereupon procured offers which were not accepted by the defendant; that nothing thereafter was done by the plaintiff for about a year, when he procured a customer who was ready, able and willing to buy the property on the defendant's terms and with whom the defendant settled the terms of a sale of the land, the only dispute thereafter being as to the amount of the plaintiff's commission. *Held*, that

(1) A finding was warranted that the plaintiff was still acting as the defendant's agent when he procured the customer;

(2) The plaintiff properly might recover a commission in the amount originally promised him by the defendant.

CONTRACT to recover a broker's commission. Writ dated November 7, 1925.

The action was tried in the Superior Court before *Donahue*, J. Material evidence is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant that a verdict be ordered in his favor. There was a verdict for the plaintiff in the sum of $1,566.51, and the defendant alleged exceptions.

The case was submitted on briefs.

*E. C. Jacobs, E. J. Coughlin, & G. J. Tauro*, for the defendant.

*J. W. Sullivan & J. F. Doyle*, for the plaintiff.

CARROLL, J. In September, 1924, the defendant's husband engaged the plaintiff, a real estate broker, to procure a purchaser for certain real estate owned by Mrs. Bloom at the price of $47,000. There was evidence that $10,000 was to be paid in cash and the balance was to be secured by a mortgage on the premises. It was agreed the commission of the plaintiff was to be three per cent.

The plaintiff introduced one Rosencovitz to Mr. and Mrs. Bloom in October, 1924. Rosencovitz offered $46,000; this offer was rejected. Nothing further was done by the plaintiff to secure a customer until October, 1925, when he informed the Blooms that Rosencovitz would pay $46,500, provided they would accept in part payment a mortgage of about $12,000 which Rosencovitz held on property at the corner of Sachem Street and Newhall Street, Lynn. Mr. and Mrs. Bloom, according to the plaintiff's testimony, at this time agreed to accept the mortgage but refused to sell for less than $47,000. Later in October, the plaintiff "convinced" Rosencovitz to pay $47,000, and so informed Mrs. Bloom, who said: "you can see Mr. Bloom. Whatever terms and price is satisfactory, whatever Mr. Bloom do is all right." After talking with Bloom an appointment was made to meet at the lawyer's office. Later, Mr. and Mrs.

Rosencovitz, Mr. Bloom, and the plaintiff met at the office of James E. Connor.

The plaintiff testified, that at this conference the terms of sale were agreed upon and the only dispute was as to the amount of the plaintiff's commission; that Mr. Bloom refused to pay three per cent and after considerable discussion the plaintiff offered to accept $1,000 but Bloom refused to pay this sum; that a few days after this interview he saw Bloom and told him he would accept $940 in payment of the commission and Bloom replied: "When Mr. Connor he call me I will sign agreement."

Mr. Connor testified, in effect, that the terms of sale were agreed upon and the only dispute concerned the amount of the plaintiff's commission; that there was some discussion about this and Bloom said he would not pay more than two per cent; that the plaintiff offered to accept $1,000 and finally said: "Well, out of the thousand I don't get the whole thousand anyway, I have to split it," to which Bloom said "If you want to take $940 all right, have the agreement drawn, and call me in the morning"; that the next morning he telephoned to Bloom; that Mrs. Bloom answered saying Mr. Bloom was not at home; that he requested Mrs. Bloom to ask her husband to call at his office; that two or three days after this he met Bloom and told him Rosencovitz had been to see him about the transaction and asked him "whether you [Bloom] are going to come in and sign the agreement" to which Bloom said "It is too late now."

At the close of the evidence the defendant moved for a directed verdict. The defendant excepted to the denial of this motion.

It does not appear that there was any dispute between the parties concerning the readiness, ability, and willingness of Rosencovitz to buy the property, or that he was introduced to the defendant by the plaintiff. There was evidence that Bloom was the agent of his wife.

The defendant contends that the offer made in 1924 was not accepted within a reasonable time. There was no revocation of the plaintiff's authority, and when negotiations were resumed in 1925, and the plaintiff brought the parties to-

gether, a jury could find that the plaintiff was then acting as the agent of the defendant to make the sale. *Dexter* v. *Campbell,* 137 Mass. 198, 201. *Holden* v. *Starks,* 159 Mass. 503, 504. As the plaintiff produced a purchaser able, ready, and willing to buy on the defendant's terms, he earned his commission. *Fitzpatrick* v. *Gilson,* 176 Mass. 477. *Walker* v. *Russell,* 240 Mass. 386. *Walsh* v. *Grant,* 256 Mass. 555. There was evidence that the defendant agreed to pay a commission of three per cent. A jury could have found that this understanding existed when the negotiations between Rosencovitz and the defendant were resumed in 1925.

*Exceptions overruled.*