### HERBERT L. SMITH *vs.* CHARLES H. MILES.

Middlesex.    October 8, 1936. — December 1, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Practice, Civil*, Amendment, Requests, rulings and instructions.  *Evidence*, Competency.  *Witness*, Cross-examination.

No abuse of discretion appeared in the denial of a motion by the defendant to amend his answer in an action on a promissory note to include an allegation that the note was void because delivered on the Lord's day after there had been some testimony of delivery on that day, or in an order that the testimony on that subject be struck from the record, and thereafter it was proper to refuse, "on the state of the evidence," to "recognize" a request by the defendant for a ruling that, if the note was delivered on the Lord's day, it was void and the plaintiff could not recover.

Upon the record, no abuse of discretion was shown in the allowance of a question asked of a defendant in cross-examination, as bearing on his bias or credibility, whether his sister, the plaintiff's wife, had employed a lawyer to collect from him a certain legacy.

CONTRACT.    Writ in the District Court of Central Middlesex dated July 24, 1935.

On removal to the Superior Court, the action was tried before *Cox*, J.    There was a verdict for the plaintiff in the sum of $7,370.92.    The defendant alleged exceptions.

*P. A. Northrup*, for the defendant.

*L. E. Thayer*, for the plaintiff.

PIERCE, J.    This is an action of contract on a promissory note, given by the defendant, dated May 1, 1930, in the principal sum of $6,500, with interest at six per cent, payable in three years, and secured by a duly recorded mortgage on real estate.    The defendant's answer is a general denial, denial of signature, denial of consideration, and an allegation of failure of consideration.    The record includes the plaintiff's affidavit of no defence and the defendant's affidavit of defence.    The case was tried to a jury on January 22 and 23, 1936.    The jury returned a verdict for the plaintiff for the amount of the note, plus interest.    At the trial

the genuineness of the signature was admitted and there was no evidence that any payment on account of principal had been made. It was agreed that interest had been paid on said note to May 1, 1933, the interest due on May 1, 1933, being paid in December, 1933.

There was evidence that the plaintiff was unable to come to court and that he had suffered a shock in December, 1934, which left him with his left side paralyzed. Sarah A. Smith, wife of the plaintiff and sister of the defendant, was the only witness called for the plaintiff. There was evidence that the note in suit was delivered by the defendant in exchange for certain other notes, totalling $6,500, made by a company controlled by the defendant and given to the plaintiff as part of the consideration for his services to the company. The defendant contended that the original notes were gratuities, that, even if they were not, they had not been surrendered, and that the note in suit was a gratuity. Upon these issues the case went to the jury.

No evidence was offered or introduced by the defendant in support of his answer of payment. In direct examination he testified that he delivered the note to the plaintiff at the plant of the Nobscot Spring Water Company (of which corporation the defendant was president, treasurer and practically sole stockholder, and the plaintiff was superintendent until April 1, 1934). He did not testify that the note was delivered on Sunday, either in his direct or in his cross-examination, but in his examination by the judge he stated that he presumed that the note was delivered on Sunday and thought that he could recall that it was. The plaintiff's wife testified, in cross-examination, that the note in suit was delivered at her home in the presence of herself and the plaintiff on Sunday.

At the conclusion of all the evidence the defendant presented a motion to amend his answer by "setting up the fact that the note is void because of being delivered on the Lord's day." To the denial of this motion the defendant duly excepted. The judge directed that the evidence in regard to the delivery of the note on Sunday be struck

from the record, and the defendant duly excepted. The defendant further requested an instruction to the jury that "If the note in suit was delivered by the defendant to the plaintiff on the Lord's day, said note is void, and the plaintiff cannot recover." The judge refused to recognize the request on the state of the evidence and the defendant duly excepted to such refusal.

In the cross-examination of the defendant, the plaintiff's attorney asked certain questions bearing upon the bias or credibility of the witness, in view of his testimony that the note in suit was a gift or gratuity. A series of questions was asked the witness to which no exceptions were taken. The answers showed that shortly after the last payment of interest on the note in December, 1933, a legacy became due the plaintiff's wife under a will of which the defendant was executor, that the defendant tendered certain securities, some of which were worthless, the market value of all of them being substantially less than the amount of the legacy; that at the time of this controversy the defendant discharged the plaintiff from his employ and paid no further interest on the note. During the above line of inquiry the defendant duly excepted to the following question and answer: "Q. Whether or not your sister employed a lawyer to collect that legacy?" "A. She did."

The defendant states the issues to be: "1st. Was the evidence of the details of the dispute over a legacy between Mrs. Smith and the defendant admissible in cross-examination of the defendant as bearing upon the defendant's bias or credibility? 2nd. Did the court err in refusing to permit the defendant to amend his answer setting up that the note was void because of being delivered on the Lord's day? 3rd. Should the court have submitted to the jury an admittedly void and illegal transaction after the illegality had been brought to the court's attention? 4th. Should the court have recognized and granted the defendant's fifth request [above quoted] that the note if delivered on the Lord's day was void? 5th. Was the evidence in regard to the delivery of the note on Sunday properly stricken from the record by the court?"

First considering issue numbered "2nd": It is settled law that a defendant cannot avoid an obligation on the ground of illegality without setting up such alleged illegality in his answer. *Raymond* v. *Phipps*, 215 Mass. 559, 561. It is equally well settled that the question whether an amendment to an answer is to be allowed is generally within the discretion of the judge, and that for that reason his decision thereon is not subject to exception. G. L. (Ter. Ed.) c. 231, § 51. *Henri Peladeau, Lie.* v. *Fred Gillespie Lumber Co.* 285 Mass. 10, 13. There is nothing in the record to show that, as a matter of law, the case at bar required an allowance of the motion, or that, without such allowance, it required that the issue of the alleged illegality be submitted to the jury after the evidence tending to show the alleged illegality had been brought to the judge's attention. *O'Brien* v. *Shea*, 208 Mass. 528, 534. *Granger* v. *Ilsley*, 2 Gray, 521. *Bradford* v. *Tinkham*, 6 Gray, 494, 495. Compare *Reuter* v. *Ballard*, 267 Mass. 557; *Sanderson* v. *Sanderson*, 271 Mass. 386, 389. The defendant's request for a ruling: "If the note in suit was delivered by the defendant to the plaintiff on the Lord's day, said note is void, and the plaintiff cannot recover," was made at the conclusion of all the evidence, after the evidence in regard to the delivery of the note on Sunday had been struck from the record. After this evidence was struck from the record, it is plain there was nothing upon which the defendant's request could be based, and the judge was clearly right in refusing to "recognize . . . [the] request on the state of the evidence."

The first issue presented by the defendant concerns the details of a dispute over a legacy between Mrs. Smith and the defendant, which was admitted, in cross-examination of the defendant, as bearing upon the defendant's bias or credibility. The record discloses that the plaintiff's attorney asked a series of questions respecting the controversy between the defendant and the plaintiff's wife, which the judge admitted merely upon the issue of the defendant's bias or credibility. In all instances where the defendant objected the question was withdrawn or not answered, except as to the question: "Whether or not your sister

employed a lawyer to collect that legacy?" Without a restatement of evidence relating to the said controversy, we are of opinion that the limited cross-examination of the defendant was not an abuse of discretion by the judge.

We have considered all the exceptions saved by the defendant and find no reversible error.

*Exceptions overruled.*