MAURICE BARSKY *vs.* JAMES HANSEN.

Worcester. December 2, 1941. — February 24, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Broker*, Commission. *Pleading, Civil*, Answer.

A real estate broker hired by a landowner to procure a customer ready, able and willing to purchase on the owner's terms is entitled to a commission upon proving that he produced such a customer, and is not required to show that a sale resulted, or that there was a tender of the purchase money or that there was a written contract of sale.

The question, whether a contract was invalid because made in violation of the Lord's day law, cannot be raised by a defendant as a matter of right in the absence of an allegation of such illegality in the answer.

CONTRACT. Writ in the Central District Court of Worcester dated April 8, 1940.

The case was heard by *Wall*, J., who found for the plaintiff in the sum of $170 and, in a report to the Appellate Division for the Western District, recited the evidence, found for the plaintiff without subsidiary findings of fact, refused the requests set out in 'the opinion and stated

merely that the defendant claimed to be aggrieved by his "refusal . . . to rule as above requested."

E. A. D. *Moss*, for the defendant.

H. *Zarrow*, (J. L. *Barsky* with him,) for the plaintiff.

Cox, J. This is an action of contract to recover a broker's commission. The first count of the declaration alleges that the defendant employed the plaintiff to find a purchaser for his real estate, and that he did procure a purchaser upon the defendant's terms. The second count alleges the same employment, that the plaintiff found and produced a customer to whom the defendant could sell, and that the plaintiff is entitled to be paid the reasonable value of his services. The defendant appealed from the order of the Appellate Division for the Western District dismissing the report of the trial judge who found for the plaintiff. No question of pleading is raised. The trial judge made no findings of fact apart from his general finding for the plaintiff.

It could have been found that late in 1939 the defendant authorized the plaintiff to procure a customer for some of his real estate and that the plaintiff stated that his commission would be ten per cent of the sale price. At that time the defendant agreed to sell a frontage of five hundred feet for $2,000. In February, 1940, the plaintiff thought he had found a customer but was mistaken. Early in March, 1940, the defendant sold eighty feet of his frontage, and on Easter Sunday, 1940, the plaintiff and the same customer that he thought he had before talked with the defendant about the sale of the remaining frontage. The defendant said he would sell for $1,700, and was told that the customer would have a certified check in payment. The defendant agreed and the following Tuesday was set for the completion of the transaction. On Monday the plaintiff called the defendant and asked whether he would be ready to complete the transaction on Tuesday, whereupon the defendant asked as to the amount of the plaintiff's commission and, when informed that it would be $200, he asked if the plaintiff would accept $100. This the plaintiff refused to do, and the defendant "then refused to go through

with the deal" and was informed by the plaintiff that the customer would be ready on Tuesday. It could have been found that he was.

The trial judge's denial of some of the defendant's requests for rulings presents the only questions. The defendant's argument does not deal with any of these requests specifically. It is based upon three contentions: (1) that the original contract between the parties was terminated when a part of the frontage was sold; (2) that a unilateral contract was made for a sale of the remaining frontage for $1,700, but that there was no evidence that the customer was able, willing and ready to purchase; and (3) that this last contract of sale was made on Sunday and was void. In so far, however, as his argument relates to the requests, it will be considered.

The judge was not required to give the first request that the plaintiff had failed to prove his allegations. It was a question of fact whether he had. As to the third request, based upon all the evidence, there was no compliance with Rule 27 of the District Courts (1940) and there was no error in its refusal. *Okin* v. *Sullivan*, 307 Mass. 227, 228. Whether the plaintiff produced a customer who was ready, able and willing to buy was a question of fact, and there was no error in the denial of the sixth request that sought to raise this question. The seventh, ninth and tenth requests were, in effect, that the plaintiff must show that he brought about a sale of the property, or that it must appear that there was a tender of the purchase money and that a written agreement of sale was made. There was no error as to these requests. The plaintiff's agreement was to find a purchaser. He was required to show, in order to recover, that he produced a customer who was able, ready and willing to purchase on the defendant's terms, and no more. *Buono* v. *Cody*, 251 Mass. 286, 290. *Sherman* v. *Briggs Realty Co.* 310 Mass. 408, 412, and cases cited.

The second request was that there is not sufficient evidence to warrant a finding for the plaintiff. In so far as this has not been dealt with already, the contention of the defendant is that the contract of sale, having been made

on Sunday, was void. The defendant did not allege any illegality in his answer and no request directly raises any such issue. G. L. (Ter. Ed.) c. 136, § 5, provides a punishment for anyone who, among other things, does any manner of labor, business or work, except works of necessity or charity, on the Lord's day. This is a statute of ancient origin, but at most it makes what otherwise might be legal, illegal if done on the Lord's day. See *Adams* v. *Gay*, 19 Vt. 358.

Whatever may have been the rule under earlier rules of pleading, see *Hulet* v. *Stratton*, 5 Cush. 539; *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541, it can be taken as settled that, as a general rule, a defendant cannot avoid an obligation on the ground of illegality without setting up such alleged illegality in his answer. *Smith* v. *Miles*, 296 Mass. 126, 129. G. L. (Ter. Ed.) c. 231, § 28. The question, in so far as it relates to contracts made on Sunday, was carefully considered in *O'Brien* v. *Shea*, 208 Mass. 528, and may be taken to be settled. Where the defence of illegality is not set up, the court will recognize no absolute duty to interfere and of its own mere motion to sustain a defence not set up by the party. As was said by Gray, C.J., in *Cardoze* v. *Swift*, 113 Mass. 250, 252, the defendant had no right to offer evidence of such illegality, "or even to avail himself of it when disclosed in the plaintiff's testimony, if the court . . . [did] not refuse to entertain the case." *Silver* v. *Graves*, 210 Mass. 26, 31. *Raymond* v. *Phipps*, 215 Mass. 559, 561. *Whittingslow* v. *Thomas*, 237 Mass. 103, 104–105. *Smith* v. *Miles*, 296 Mass. 126, 129. This rule does not prevent the court from acting, however, where the illegality suggested by the evidence is such that it would be clearly contrary to public policy to enforce a contract tainted thereby. *Morello* v. *Levakis*, 293 Mass. 450, 452. *Baskin* v. *Pass*, 302 Mass. 338, 342. See *Sanderson* v. *Sanderson*, 271 Mass. 386, 389, 390. The trial court did not so act.

It may be that the case at bar comes within the rule that where a transaction on a Sunday amounts to no more than an offer on the defendant's part which will ripen into a uni-

lateral contract when the plaintiff produces a customer ready, willing and able on a secular day, the contract is held to have been made when the customer was so produced. *Maher* v. *Haycock*, 301 Mass. 594, 596–597. *Isenberg* v. *Williams*, 306 Mass. 86, 89. It is unnecessary to pass upon this question.

It is unnecessary to determine whether the contract upon which this action is based was a continuation of the earlier contract between the parties. See *Rogers* v. *Bloom*, 265 Mass. 341, 343–344.

It could have been found that an implied term of the contract sued on was that the defendant was to pay the plaintiff a commission, and the judge's finding for the latter imports such a subsidiary finding. *Altman* v. *Goodman*, 255 Mass. 41, 45. *Simon* v. *Lettiere*, 257 Mass. 563, 570. *Maher* v. *Haycock*, 301 Mass. 594. Upon the evidence, it could have been found that the plaintiff's services were reasonably worth the amount awarded.

*Order of Appellate Division affirmed.*