Rollins, J.
The two defendants are partners carrying on business as real estate brokers under the name of'Milton Realty Co.
This is an action of contract in which the plaintiff seeks to recover from the defendants the sum of $200. which he had deposited with them in connection with the contemplated purchase of a parcel of real estate owned by a Mrs. Rockwell.
The plaintiff’s declaration consists of two counts, the first a count for money had and received by the defendants to the plaintiff’s use and the second an allegation that the plain *110 tiff and defendants had entered into an agreement which the defendants had failed to perform.
The evidence tended to show the following facts:
Mrs. Rockwell, the owner of the real estate, listed it with the defendants for sale at the price of $6500'. This she did in January or February, 1943 and thereafter went to Florida on a vacation from which she did not return until after June 1,1943.
The defendants showed the property to various persons including the plaintiff and, on May 3, 1943, the plaintiff paid the defendants $200. receiving from them therefor the following written instrument:
“May 3,1943.
“Paid $200.00 deposit on 131 Wilmington Avenue, Dorchester for Mrs. Rockwell at $6500.00 subject to heating and plumbing system, to be demonstrated to my satisfaction and proper working order to broken joints in heating system observed May 3rd, 1943. Mortgage to •be obtained at $5500.00 at five per cent 16 years and to be able to give notice to our landlord for June 1st— 131 — adjoining lot — barn—offer to be accepted by Mav 27th.
Milton Realty Co.
by Phillip E. Hussey”
The defendants had no communication with Mrs. Rockwell during May, 1943 and did not see her from the time she listed the property with them until after June 1, 1943.
While Mrs. Rockwell was in Florida, matters concerning the sale of the property were left by her with her attorney, Harry Ham, Esq. No mortgage was ever secured, no notice was ever given the occupants of the real estate to vacate on June 1,1943, the heating system was never repaired, and the plaintiff’s offer was not accepted by May 27, 1943. On the contrary, Mr. Ham, the attorney, in May, 1943, directed the defendants to return to the plaintiff his deposit of $200.
*111 On June 1, 1943, the plaintiff wrote the defendants that the time for acceptance of his offer to buy the property had expired and requested a return to him of his deposit of $200:
Thereafter Mrs. Rockwell returned from Florida and there were further negotiations between the plaintiff and the defendants and Mrs. Rockwell looking towards the possible purchase of this property by the plaintiff. It does not appear what these negotiations were other than that the plaintiff was willing to pay $6500 for the property but could not do so because no one was able to place a mortgage on the property for him and he did not have enough money to pay the purchase price. No written agreement was ever entered into between the plaintiff and Mrs. Rockwell.
The defendants have never returned the $200 to the plaintiff nor have they turned it over to Mrs. Rockwell, but still have it in their possession.
At the close of the trial the defendants duly filed six requests for rulings which the Court denied. The Court made certain findings of fact and found for the plaintiff, on Count one of his declaration, in the sum of $200.
The defendants claiming to be aggrieved by the Court’s denial of their requests for rulings and the finding for the plaintiff, the Court reported the same to this Appellate Division for determination.
After the Report had been established, after briefs had been filed and after the case had been reported to this Division, the trial justice filed an “Amendment to Report to Appellate Division.”
No hearing Avas had on this amendment and in fact it appears that neither the plaintiff nor his attorney ever knew of the “Amendment” before the filing thereof. At the hearing before this DiAÚsion the plaintiff objected thereto.
*112 It is true that a trial justice may amend his Report after the establishment thereof. But this must be done in accordance with the rules, which require a hearing thereon. Rule 28 of the Rules of District Courts provides in part:
“The Justice may amend his Report after hearing . . . "
The requirement that a hearing be had before an established Report can be amended seems to us to be a fundamental requirement and in accord with sound practice. Since the Amendment to the Report was here filed without a hearing we do not believe that such Amendment forms any proper part of this record and we do not believe that we are obliged to consider it.
But even if considered the Amendment would not change the conclusions which we reach herein.
The defendants contend that the plaintiff cannot recover for three reasons.
First: No suit can be maintained against them since they were acting only as agents for a disclosed principal, Mrs. Rockwell.
Second: They were entitled to retain the $200' since they had earned it as a commission for their services in obtaining the plaintiff as a customer.
Third: The plaintiff because of his acts and course of dealings in this transaction was estopped from making any claim for the $200-.
None of these contentions are sound.
The defendants w'ere never agents of Mrs. Rockwell to obtain the deposit of $200. The “listing” of the property for sale at $6500 did not create such an agency. Walsh v. Grant, 256 Mass. 555. Elliot v. Kazajian, 255 Mass. 459. Horrigan v. Dodge, 216 Mass. 461, 463.
Mrs. Rockwell never ratified any such attempt to create an agency. In fact she repudiated it through her attorney Ham who ordered the return of the $200.
*113 The defendants never earned any commission for selling the property. The plaintiff, their alleged customer, was never able to pay the purchase price. Barsky v. Hansen, 311 Mass. 14, 16.
The plaintiff did nothing which would estop him from recovery. The act of Mrs. Rockwell in ordering the return to Mrs. Santora, another prospective customer, of the deposit made, by her, was not the act of the plaintiff, and he, the plaintiff, had a perfect right to continue negotiations for the purchase of the property.
The principle of law under which the plaintiff can recover his deposit of $200 is clearly set forth in Restatement of Law of Restitution, Paragraph 56 (1) which is as follows:
“A person who transfers property to, or to the account of, another, manifesting that he is doing this as the offer of a contract or for a specified purpose, is entitled to regain the subject matter if the offer is not accepted or if the purpose is not carried out and if the other had possession or control over the subject matter.”
And recovery may be had on a count for money had and received. Briggs v. DePeiffer, 214 Mass. 52, 58.
The defendants ’ first request, based upon all the evidence, did not comply with Rule 27 of the Rules of District Courts and there was no error in its refusal. Barsky v. Hansen, supra at page 16.
It is unnecessary to discuss in detail the other requests.
There being no prejudicial error, the Order must be Report Dismissed.