OLIVE F. THORNTON *vs.* GEORGE L. FORBES & another.

Middlesex.     March 9, 1950. — July 31, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Broker,* Commission. *Proximate Cause.*

Evidence warranted findings that the efforts of a real estate broker, hired by a landowner to procure a purchaser for his land with a dwelling and greenhouse thereon, aroused interest in one who desired such a property and who at the time was employed by a corporation; that the employee's interest was the proximate cause of interest in the property on the part of representatives of the corporation and remained an impelling force until subsequently the property was purchased and title taken by the corporation for the price originally specified by the landowner to the broker, following which the employee went to live on the property and operate the greenhouse in behalf of the corporation; and that the broker had earned a commission.

CONTRACT. Writ in the District Court of Natick dated December 8, 1947.

The action was heard by *Bigelow*, J.

*W. I. Morse*, for the plaintiff.

*J. L. Casaly*, for the defendants.

QUA, C.J. The plaintiff, a real estate broker, brings this action to recover a commission for procuring a purchaser for the defendants' house, land, and greenhouse in Natick. The trial judge found for the plaintiff. The Appellate Division ordered judgment for the defendants. The plaintiff appeals.

There was evidence of the tenor following: Shortly before October 26, 1947, the defendants employed the plaintiff to find a customer at a price of $18,000. On Sunday October 26 the plaintiff advertised the property in a Boston newspaper, without disclosing its location. One McCole saw the advertisement and almost immediately called at the plaintiff's place of business in Wellesley, where arrangements were made by telephone with the defendants that McCole should go to see the property. The defendants showed him the property. He told them he would talk it over with his wife and see if he could raise the money. He testified that he had been looking for a long time for just such a property where he and his wife could live and carry on the florist business. At that time he was employed as a landscape man for Maidastone Gardens, Inc., a corporation of which one Solomon and his father, sister, and brother were the owners. The Solomons did business in Newton under the name of Centre Gardens. McCole told the plaintiff he could be reached there by telephone. On October 27 the plaintiff called Centre Gardens by telephone and asked for McCole but, upon being informed that McCole was not there, she talked with Solomon. The plaintiff testified that at that time Solomon told her that McCole was not acting for himself in looking at the property but was acting for Solomon. The competency of this evidence was in dispute, and Solomon in his testimony denied having told the plaintiff over the telephone that McCole was not acting

for himself.   McCole testified that in the middle of the week of October 26 he told Solomon of the advertisement and described the property (which McCole had already seen) to Solomon.   There was no evidence that the plaintiff had requested McCole to speak to others about the property. On Wednesday the 29th McCole and Solomon looked at the property with one of the defendants.   On the following Sunday, November 2, Solomon and his father and brother went with McCole and saw one of the defendants and again looked over the property.   On November 7 an agreement was signed by the defendants and by Solomon in behalf of Maidastone Gardens, Inc., for the purchase of the property by that corporation for $18,000, the price originally given by the defendants to the plaintiff.   Conveyance was made on December 9.   At the time of the trial McCole and his wife were living on the property by agreement with Maidastone Gardens, Inc., and he was working there for that corporation on salary.   In the latter part of December, after the property had been conveyed, McCole purchased twenty-two shares of stock in the corporation.   According to the testimony of Solomon the corporation had been formed more than a year before the trial.   This would seem to have been before any of the negotiations began.

In finding for the plaintiff the judge states that he did not take into consideration the evidence objected to (that Solomon had told the plaintiff over the telephone that McCole was not acting for himself in looking at the property but was acting for Solomon).   The judge says that he relied upon the statement of Rugg, C.J., in *Holton* v. *Shepard*, 291 Mass. 513, at page 522, that the broker is entitled to his commission "where others become associated in the purchase with such customer [produced by the broker] as the important factor," and that his decision was "based upon the community in interest of McCole and the corporation that took title to the property and employs McCole."

We think that the finding of the trial judge for the plaintiff was warranted upon the ground upon which he placed it. If McCole himself had bought the property in his own name,

we suppose in the circumstances of this case there would be no doubt that a finding for the plaintiff would be warranted, even though all the plaintiff actually did was to engage McCole's interest through an advertisement and to arrange for a meeting between him and the defendants. *Maloon* v. *Barrett,* 192 Mass. 552, 553. *Holton* v. *Shepard,* 291 Mass. 513, 516. *Pacheco* v. *Medeiros,* 292 Mass. 416, 421. *Sherman* v. *Briggs Realty Co.* 310 Mass. 408. *Green* v. *Warren Institution for Savings,* 312 Mass. 307, 308. *Corleto* v. *Prudential Ins. Co.* 320 Mass. 612, 617, and cases cited. We do not see that the situation is altered in any of its essentials by the fact that the entire title went to the corporation and no part of it to McCole himself. The question is whether the work of the plaintiff was the efficient cause of the sale. Plainly it could be found that the work of the plaintiff aroused McCole's interest in the property. It could be found that the interest of McCole's employer was a direct and natural result of the interest of McCole, and that the interest which had been aroused in McCole was still an impelling force at the time of the sale. There was no intervening cause. It could be found that the sale followed in natural sequence from the fact that the plaintiff had interested a man situated as McCole was situated. It could be found that McCole was still "the important factor," or at least a factor sufficiently important to preserve the causal connection. The case could be found to fall within the statement of Rugg, C.J., in *Holton* v. *Shepard,* 291 Mass. 513, at page 522, hereinbefore quoted, although in that case it was held that the plaintiff's customer played such a minor part in the final purchase that the plaintiff was not entitled to a commission. The fact that McCole took no part of the title is not decisive against the plaintiff. This appears from *Dexter* v. *Campbell,* 137 Mass. 198, cited in *Holton* v. *Shepard.* In the *Dexter* case the broker plaintiffs had interested one Everett in the purchase of the defendant's stock, and Everett associated with himself one Bacon and one Thomas. It did not appear that the plaintiffs had anything to do with Thomas, to whom the greater part of

the stock was in fact transferred.  The court said, "The plaintiffs applied to Everett, and Everett associated with himself Bacon and Thomas, and the three associates acted together and bought the five hundred shares in one 'block.' It is immaterial which of them conducted the negotiations, or to which of them the transfers of the stock were made." *Dexter* v. *Campbell*, 137 Mass., at page 201.  In *Hosmer* v. *Fuller*, 168 Mass. 274, also cited in *Holton* v. *Shepard*, the conveyance was made to a corporation formed by persons with whom the broker had been negotiating.  Who takes the title is not decisive.  The decisive thing is that the person whom the broker has first interested retains an active interest in the transaction which can be found to be the efficient cause of the ultimate purchaser being produced. Here McCole and the Solomons examined the property together.  It could be found that McCole was interested in living in the house and operating the greenhouse, and did so after the purchase.  Solomon was interested in having him do so.  The case differs in degree but not in principle from a case where the person interested by the broker requests that the conveyance be made to his son or daughter or even to his wife, taking to himself no legal or equitable title.  Here the title went to McCole's employer, but only, as could be found, because McCole had become interested through the plaintiff.

This case is to be distinguished from one in which knowledge that the property was for sale came to the purchaser, accidentally as it were, merely through some mention of the fact by some person with whom the broker had been in contact.  *Gleason* v. *Nelson*, 162 Mass. 245.  We intend no implication as to such a case.

In the view we take it is unnecessary to determine whether the evidence of the telephone conversation between the plaintiff and Solomon, which the judge put out of his consideration, was competent.

*Order of Appellate Division reversed.*
*Judgment for the plaintiff on the*
*finding of the trial judge.*